Rankin v. Beale.

JOHN H. RANKIN, Appellant, v. JOHN T. BEALE, Respondent.

### Kansas City Court of Appeals, January 11, 1897.

1. **Parent and Child**: PHYSICIAN'S BILL: ADULT CHILD. A mere request from a father to a physician to attend a child of full age, and for whom he is not bound to provide, though sick at the father's house, does not raise an implied promise upon the father's part to pay for such medical services.

2. **Contract**: CONSIDERATION: NUDUM PACTUM. An express promise to pay for medical services rendered to an adult child made after the services were rendered is without consideration and *nudum pactum*.

*Appeal from the Morgan Circuit Court.*—HON. D. W. SHACKLEFORD, JUDGE.

REVERSED AND REMANDED.

*Bohling & Forman* for appellant.

The court erred in giving defendant's instruction number 2. No such implication arises where one calls in a physician to attend upon a person to whom he is under no legal obligation to furnish necessaries. *Meisenbach v. Cooperage Co.*, 45 Mo. App. 232; *Veitch v. Russell*, 3 Ad. & Ell. (N. S.) 927; *Sellen v. Norman*, 4 Car. 80; *Crane v. Baudouine*, 55 N. Y. 256; *Smith v. Watson*, 14 Vt. 332. This rule holds good between father and son. *Boyd v. Sappington*, 4 Watts. (Pa.) 247.

GILL, J.—Plaintiff sued the defendant on an open account. Defendant filed a counterclaim on account of certain medical services and medicines, which defendant as a physician furnished Joe Rankin, a son of plaintiff,

and who was at the time twenty-three years old. The evidence in defendant's behalf tended to prove that plaintiff sent for and requested the defendant to come to plaintiff's house and prescribe for his son, and there was testimony in plaintiff's behalf contradicting this. There was also evidence to the effect that after the services were performed plaintiff promised to pay therefor and this, too, was contradicted.

There was a jury trial, resulting in a verdict and judgment allowing defendant's counterclaim and plaintiff appealed.

I.    Among other instructions the propriety of the following, given at the instance of defendant, is made the basis of this appeal: "The court instructs the jury that, although it may appear from the evidence that Joe Rankin, the son of plaintiff, was over the age of twenty-one years at the time the defendant, as a physician, treated him, yet, if it shall further appear that he was sick at the house of the plaintiff, and that plaintiff sent for defendant to treat or render medical services to his son, or if the plaintiff stated to defendant that he would pay him for said medical services so rendered to his said son, then they will find in favor of defendant for said medical services." From a reading of this instruction it will be seen that the jury were advised that defendant must recover on his counterclaim, if they should find *either* that plaintiff sent for defendant to treat or render medical services to his son, *or*, that plaintiff stated that he would pay defendant therefor.

In view of certain admitted facts in this case, the giving of the foregoing instruction was error. It is conceded that Joe Rankin, for whom the services were performed, was, at the time, over the age of twenty-one years. His father, therefore, was under no legal obligation to supply said Joe Rankin with medical attention, or other necessaries. And again, the

Bank v. Bulkley.

only express promise which it was claimed plaintiff
made to pay for these services, was made
CONTRACT:
consideration: *after* the same were rendered. Such prom-
nudum pactum.
ise was, therefore, a mere *nudum pactum*,
and of itself and alone could not supply the place of a
contract. But the vice of the instruction quoted is more
patent when plaintiff's liability is said to be fixed, though
he did nothing more than send for the physician. It
has been repeatedly held that a mere request from a
father to a physician to attend a child of
PARENT and
child: physi- full age, and for whom he is not bound to
cian's bill:
adult child. provide, and though sick at the father's
house, raises no implied promise upon his
part to pay for such medical services. *Meisenbach v.
Cooperage Co.*, 45 Mo. App. 232; *Jesserich v. Walruff*,
51 Mo. App. 270; *Crane v. Baudouine*, 55 N. Y. 256;
*Boyd v. Sappington*, 4 Watts, 247.

Judgment reversed and cause remanded. All
concur.