an account of his conduct, corroborated by the testimony of the police officer, which, depending on the view the jury took of it, might have convinced the jury of his innocence. In that situation the evidence of good character might well have created a doubt where otherwise none would have existed. It might have led the jury to take the view of the defendant's conduct most favorable to him, and it might have led them to conclude that it was altogether unlikely that the defendant would have allowed himself to become implicated in such a transaction as the evidence disclosed. While no exception was taken to the charge, the error was so grave and its prejudicial character is so manifest that in the due administration of justice it cannot be overlooked, and we deem it our duty in the exercise of our discretion to order a new trial. See People v. Bonier, 179 N. Y. 315, 72 N. E. 226, 103 Am. St. Rep. 880; People v. Elliott, 163 N. Y. 11, 57 N. E. 103.

The judgment of conviction is reversed.

Judgment of the County Court of Kings County reversed, and new trial ordered. All concur.

---

### VOORHEES v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department. January 6, 1909.)

1. PHYSICIANS AND SURGEONS (§ 13*)—INJURY TO SERVANT—MEDICAL SERVICES —LIABILITY OF EMPLOYER.

A hospital was open to any person suffering from injury. If able to pay, the patient was required to pay a specified sum per day, but there was no hospital charge for physicians, who rendered their services gratuitously. The superintendent acted for the hospital authorities in summoning physicians, without assuming to act for any one else. The claim agent of a railroad company had requested the superintendent to notify the company's physician on the admission of any employé of the company to the hospital. An employé was injured and admitted to the hospital. The superintendent, unable to find the company's physician, called a physician whose services at the hospital were to commence two days later. The physician treated the employé. The company paid the hospital charge for the employé. Held not to establish any contract between the company and the hospital sufficient to authorize the physician to recover from the company for the services rendered to the employé.

[Ed. Note.—For other cases, see Physicians and Surgeons, Cent. Dig. §§ 18–20; Dec. Dig. § 13.*]

2. MASTER AND SERVANT (§ 92*)—INJURY TO SERVANT—LIABILITY OF MASTER— MEDICAL ATTENDANCE.

An employer is not required to provide, even in cases of emergency, medical attendance for his employé, unless he has agreed so to do.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 92.*]

3. PHYSICIANS AND SURGEONS (§ 13*)—RIGHT TO COMPENSATION—CONTRACTS.

The right to recover for medical services rendered to a third person must rest on an express contract, or on facts from which the intention to pay may be inferred.

[Ed. Note.—For other cases, see Physicians and Surgeons, Cent. Dig. § 19; Dec. Dig. § 13.*]

4. PHYSICIANS AND SURGEONS (§ 13*)—RIGHT TO COMPENSATION—CONTRACTS.

A hospital was open to any person suffering from injury. If able to pay, the patient was required to pay a specified sum per day. There were no hospital charges for physicians; their services being gratuitous. The

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

claim agent of a railroad company had requested the superintendent of the hospital to notify the company's physician on the admission to the hospital of any employé of the company. An employé was injured and admitted to the hospital. The superintendent, unable to find the company's physician, called a physician, who treated the employé. There was nothing to show that the physician expected to charge the company for treating the employé, or that the company intended to be liable therefor. *Held* not to show a contract, express or implied, binding the company to pay for the medical services.

[Ed. Note.—For other cases, see Physicians and Surgeons, Cent. Dig. §§ 18–20; Dec. Dig. § 13.*]

5. PHYSICIANS AND SURGEONS (§ 13*)—RIGHT TO COMPENSATION—CONTRACTS.

The fact that an employer admits his liability for injuries to an employé by settling with him therefor does not inure to the benefit of the physician treating the employé for such injuries.

[Ed. Note.—For other cases, see Physicians and Surgeons, Dec. Dig. § 13.*]

Kruse and Robson, JJ., dissenting.

Appeal from Trial Term, Cayuga County.

Action by Sheldon Voorhees against the New York Central & Hudson River Railroad Company. A nonsuit was granted at the close of plaintiff's case, and his motion for new trial on exceptions was ordered heard in the Appellate Division in the first instance. Exceptions overruled, motion for new trial denied, and judgment directed for defendant on the nonsuit.

On the 29th of June, 1905, one Robinson, a freight brakeman in the employ of the defendant, was very seriously injured in the course of his service, and the injuries may be attributed to the negligence of the defendant. He needed immediate medical attention, and by the direction of one of his co-employés he was taken to the Auburn City Hospital. He lived in East Syracuse and did not wish to be taken to the hospital, saying: "He wouldn't live anyway." One Marks, a claim agent of the defendant, had previously told the superintendent of the hospital: "That Dr. Conway had been appointed New York Central physician for Auburn, and the company would like to have Dr. Conway notified when a case was admitted. That was the sum and substance of what he said." The superintendent at once endeavored to find Dr. Conway over the telephone. She was unable to do so, and then tried to get the hospital surgeon on duty, and failed in this. The plaintiff was a surgeon in Auburn whose service at the hospital was to commence on July 1st. He was called by the superintendent, and responded at once, and found Robinson in a precarious condition, and for 24 hours gave his constant attention to the patient. He continued treating him for 7 weeks, and until Robinson left the hospital. The plaintiff testified the emergency service continued for at least 24 hours. He has commenced this action to recover the value of the services rendered for Robinson while at the hospital. The defendant paid to the hospital its account for board and services furnished to Robinson, and also settled with him. Other facts appear in the opinion.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

James W. Hart, for the motion.
Edward Harris, Jr., opposed.

SPRING, J. By the rules of the hospital it was open to any one suffering from personal injuries. If the patient was able to pay, he was charged $1 a day while there. There was no hospital charge for physicians or surgeons. The authorities never assumed any responsibility

for the payment of their services. The staff surgeons were not employed by the hospital management. Their services were supposed to be rendered gratuitously, although there does not seem to have been any prohibition against the attending surgeon receiving pay from the inmate he treated. The claim of the plaintiff against the defendant rests on two grounds: (1) On contract between it and the hospital; (2) that the case was an extraordinary one, imperatively demanding prompt attention, and the defendant is consequently liable, as Robinson was its servant and was taken to the hospital by one of its employés.

First. The only semblance of authority in the hospital superintendent to employ a physician on behalf of the defendant is found in the testimony quoted that Marks, the claim agent of the defendant, asked that Dr. Conway, the physician of the defendant in Auburn, be "notified when a case was admitted." Whether he was to be "notified" in order to report as to the extent of the injuries, or to render medical service, is unimportant, for the authority, at most, is limited to summoning Dr. Conway, and did not include the plaintiff or any other surgeon. There was no authority given the superintendent to employ physicians to attend employés of the defendant who might be in the hospital. The plaintiff was not informed by the superintendent that he was to be compensated by the defendant for treating Robinson. The house surgeon then in service could not be obtained. Dr. Voorhees' term of service in that capacity was to commence July 1st, the second day after the injuries to Robinson. He was called for that reason, and apparently responded, not in the expectation of any payment for his service, but because of his anticipated connection with the hospital, the rules of which he well understood. The defendant paid $1 a day for any of its employés while in the hospital. It did not do more than this. There was no acquiescence in any employment of the plaintiff and nothing in the way of ratification. When, months after, the claim was presented, the defendant disclaimed liability for its payment. The hospital superintendent was not engaged in employing physicians for people. That service was not within her province. She acted for the hospital authorities in summoning the physicians without assuming to act for any one else, except when she called Dr. Conway.

Second. Nor can any liability be founded on the relation of master and servant existing between the defendant and Robinson. The rule is a general one that the employer is not required to provide medical attendance for his employé, unless he has agreed so to do. Encyc. of Law & Pro. vol. 26, p. 1049; Am. & Eng. Cyc. of Law, vol. 20, p. 52; Davis v. Forbes, 171 Mass. 548, 51 N. E. 20, 47 L. R. A. 170, 174. In a few of the states an exception to this rule has obtained in case of emergency treatment rendered by a physician to an employé, and it has been held that an employé present when the emergency arises may summon a physician on the responsibility of the employer. The exception has not prevailed in this state, so far as my research has extended, and the trend seems to be against this invasion of the general rule. Stephenson v. N. Y. & H. R. R. Co., 2 Duer, 341; Cooper v. N. Y. C. & H. R. R. R. Co., 6 Hun, 276. The right to recover medical

services to a third person must rest on an express contract, or on facts from which the intention to pay may be inferred. Crane v. Baudouine, 55 N. Y. 256.

There is no express agreement in this case, and the record is barren of any evidence tending to show that the plaintiff expected to charge the defendant for treating Robinson, or that it intended to be liable for such treatment. The settlement with Robinson may have been an admission of its liability for his injuries. That, however, does not inure to plaintiff's benefit. Davis v. Forbes, 171 Mass. 548, 51 N. E. 20, 47 L. R. A. 170, 174. His right to recover must be founded on contract, either express or implied, and is in no way connected with its liability to Robinson.

The plaintiff's exceptions should be overruled, and judgment ordered for defendant on the nonsuit, with costs of this appeal and the court below.

So ordered. All concur, except KRUSE, J., who dissents in a memorandum, in which ROBSON, J., concurs.

KRUSE, J. (dissenting). The injured person was a brakeman in the defendant's employ. That he was hurt through the negligence of the defendant is scarcely in dispute. He was so badly injured as to be incapable of caring for himself. Besides other injuries, his arm and leg were crushed. The accident occurred in the defendant's yard, at Auburn. The injured person, expecting his injuries to be fatal, requested to be taken to his home; but by the direction of the yardmaster, a Mr. Graney, or one of the crew to which he belonged, he was taken to the hospital, as was usual in such cases. The matron or superintendent at the hospital testified that some one called over the phone, whose voice sounded like Mr. Graney's, that an accident case was coming. She further testified that the railroad usually had some one do that at that time, so that they were prepared to admit them, that a charge of $1 a day was made for all railroad accident cases, and that the railroad company paid the hospital charges in this instance. The defendant's claim agent had given general directions to the superintendent of the hospital, and told her to notify the defendant's physician at Auburn, which she attempted to do upon this occasion, but was unable to find him. She was also unable to locate the regular surgeon of the hospital, and in this emergency called in the plaintiff, who attended the injured man and undoubtedly saved his life. It is for the services rendered in this emergency that the plaintiff seeks to recover.

The injured man was taken to the hospital by the authority and direction of the defendant, so the jury could have found from the evidence. It was not expected that he was to be taken there and left to die for want of proper care and attention, simply because the regular hospital surgeon was absent, and the attendance of the physician whom the defendant had designated in such cases could not be obtained. I think, under such circumstances, the superintendent of the hospital was authorized, in the absence of the regular hospital surgeon, to call another, and, having done so, the defendant is liable for the services

rendered during the emergency period. 1 Elliott on Railroads, §§ 221A, 222, and 223, and cases there cited.

I think the plaintiff's exceptions should be sustained, and a new trial ordered.