## H. C. CROWELL, Appellant, v. ELLEN DONOHO, Respondent.

Kansas City Court of Appeals, February 17, 1913.

1. PHYSICIANS AND SURGEONS: Implied Contracts: Adult Children. The plaintiff sued to recover compensation for surgical services performed on an adult daughter of the defendant. The defendant was the administratrix of her deceased husband's estate. The plaintiff first visited the home of the defendant to consult with local doctors about the daughter's condition; later he performed three operations on her. For the first visit and operation he received his compensation from defendant and he now sues to recover for the last two operations on the theory of an implied promise to pay. *Held,* that

168 Mo. App. 20

such a promise must rest on facts and circumstances that would be incompatible with any other inference than that the parent intended to be regarded by the physician as his employer. Since there are no circumstances in this case indicative of such intention, judgment was properly rendered for defendant.

2. ———: ———: ———. The mere request from a father to a physician to attend a child of full age, and for whom he is not bound to provide, and though sick at the father's house, raises no implied promise upon his part to pay for such medical services.

3. ———: ———: ———: Services to be Rendered. A contract should be implied where the circumstances or conditions may be such as to lead the physician to believe, and to charge the father with knowledge that the physician does believe, that the father is undertaking to pay for services to be rendered.

Appeal from Livingston Circuit Court.—*Hon. Arch B. Davis,* Judge.

AFFIRMED.

*Scott J. Miller* and *Jos. P. Fontron* for appellant.

*Frank Sheetz* and *Lewis A. Chapman* for respondent.

JOHNSON, J.—This is a suit on an alleged contract of employment to recover the reasonable value of services rendered by plaintiff as a physician and surgeon to the adult daughter of defendant. The answer contains a general denial and a plea of *res adjudicata.* In the view we have of the case it will not be necessary to notice the latter defense.

The cause was tried without the aid of a jury. The court made and filed findings of fact in which the issues of facts raised by the pleadings were decided in favor of defendant. Judgment was rendered accordingly and plaintiff appealed. No declarations of law were asked by either party. With the case in such posture our concern is not with the question of whether plaintiff adduced substantial evidence in sup-

port of his pleaded cause, as would be the case were we dealing with a demurrer to the evidence, but is with the question of whether the findings of fact and resultant judgment are supported by substantial evidence. The court found as a fact that the services in question were not rendered under a contract with defendant. The evidence indisputably shows there was no express contract but plaintiff contends the services were performed under circumstances that implied an agreement on the part of defendant to compensate him and we shall consider that contention from the viewpoint that all of the controverted issues of fact have been settled in favor of defendant.

The facts to be considered thus may be stated: Plaintiff is a physician and surgeon practicing his profession in Kansas City. At the time the services in question were performed defendant was a widow living with her family in her homestead in Livingston county. Her daughter, Lucy, an unmarried woman over eighteen years of age was a member of her family. Defendant was the administratrix of her deceased husband's estate which then was in process of administration, and Lucy, as an heir of her father, had an interest in the estate of the approximate value of $1500. No distribution of the estate had been made and, as stated, Lucy was living with her mother in the old homestead. She fell ill and her condition became so serious that the local physicians who were treating her requested that plaintiff be called into consultation. A family council was held and all of the members of the family, including defendant and the sick woman herself, agreed that plaintiff should be called into the case. Nothing was said on the subject of his compensation and the local physicians who were present were directed to communicate with him. Accordingly one of the physicians telephoned plaintiff requesting him to attend a consultation at the home of defendant. Plaintiff complied with the request and at

Crowell v. Donoho.

the end of the consultation defendant gave him her check for the amount of his bill. He talked with defendant about the case but the subject of his employment was not mentioned. The patient was suffering from an attack of appendicitis. A surgical operation was discussed and deferred on the advice of plaintiff who, at the conclusion of the consultation, returned home. Later he was recalled to perform the operation and did perform it at a hospital to which the patient was removed. His bill for the operation was $150, and was paid by defendant. Afterward a second operation was performed and still later a third. Plaintiff was not paid for the last two operations and this suit is for the recovery of the reasonable value of his services in performing them. Defendant testified and the court found that the payments made by defendant for the first two visits, though paid out of defendant's funds, were made for the patient at her request and were charged against her inheritance. The testimony of plaintiff tends to show that defendant promised to pay him for his services but this is denied by defendant and we must assume that no such promise was made especially when we find such conclusion expressed in the findings of fact.

Plaintiff's theory of an implied contract of defendant to become liable for his services must rest, therefore, on the facts that the patient was a member of defendant's family and that plaintiff's compensation for a part of the services rendered was paid by defendant apparently out of her own funds, though, in reality, out of funds belonging to the patient.

Defendant was under no legal obligation to provide her adult daughter with the services of physicians and had she called plaintiff into the case, that fact, of itself, would not have raised an implied promise on her part to become responsible for plaintiff's employment. The rule is well settled that "a mere request from a father to a physician to attend a child

of full age, and for whom he is not bound to provide, and though sick at the father's house, raises no implied promise upon his part to pay for such medical services." [Rankin v. Beale, 68 Mo. App. 325; Meisenbach v. Cooperage Co., 45 Mo. App. 232; Jesserich v. Walruff, 51 Mo. App. 270; Crane v. Baudouine, 55 N. Y. 256; Boyd v. Sappington, 4 Watts (Pa.), 247; Morrell v. Lawrence, 203 Mo. 373; Smith v. Watson, 14 Vt. 332; Madden v. Blain, 66 Ga. 49; 1 Beach on Contracts, p. 788.]

Still less, say the court in Crane v. Baudouine, supra, may a promise be implied where there has been no special request by the parent to the physician and no more than an acquiescence in his calls. It was the duty of the plaintiff to know or to learn the true legal status of the patient and what were her true legal relations to the defendant. If we should hold that a parent could not be present in the sick room of his adult child and exhibit usual parental interest and anxiety without becoming liable to an attending physician called in by another at the patient's request, we would do violence to a wise and humane rule of universal recognition that has for its object the proper care of the sick and helpless. The only fact remaining on which an implied promise of defendant might be founded with any show of reason is that of the payment on behalf of the patient of plaintiff's first two bills. It is said by our Supreme Court in Morrell v. Lawrence, supra, that a contract should be implied where "the circumstances or conditions may be such as to lead the physician to believe, and to charge the father with knowledge that the physician does believe, that the father is undertaking to pay for the services to be rendered." In that case the father called the physician under circumstances, as pointed out in the opinion, clearly indicative of a purpose and assurance on his part that he would pay for the services, but here, plaintiff was called under circumstances

that pointed to the patient as his only employer. The patient was too ill to attend to business affairs and naturally would be expected to select her mother as her agent. Had defendant paid plaintiff in money he would not have been justified in believing that she was using her own money and intended to be regarded as his employer or as acting in any other capacity than her daughter's agent. Certainly the mere fact that for convenience she gave him her own bank checks was no indication of a purpose to vary the ordinary legal relationships obtaining in such instances. It is a very common thing for an agent to make disbursements for his principal's account in such manner and plaintiff was not entitled to draw any special conclusions from the method of payment employed.

Plaintiff appears to have taken too much for granted. His cause is predicated upon presumptions he had no legal right to indulge. We do not say the parent of an adult child may not become bound to pay for medical services rendered the child upon an implied promise, but we do hold that such promise must rest on facts and circumstances that would be incompatible with any other inference than that the parent intended to be regarded by the physician as his employer. There are no circumstances in this case indicative of such intention and we conclude the learned trial judge committed no error in rendering judgment for defendant.

The judgment is affirmed. All concur.