CONSTANTINE J. McGUIRE, Appellant, *v.* MARGARET E. HUGHES, Respondent.

Contract — physicians — liability for medical services — when contract to pay for services of physician not implied from request to attend patient.

1. The general rule that where a person requests of another the performance of services, which are performed, the law implies a promise by the former to pay their reasonable value, has no application in the case of a physician, rendering professional services to a third person, if the relation to the patient of the person who requests them be not such as imports the legal obligation to provide them.

2. A physician, in the absence of a special contract, may recover upon an implied agreement to pay for his services *quantum meruit*, when they have been rendered at the request of the patient, or of a person who, in the eye of the law, is regarded as being under a legal obligation to provide such professional services for the patient, such as a husband, or the parent of a minor child.

3. The fact of a request to a physician to attend a patient is not, alone, sufficient to support the inference of an agreement to pay for the services rendered, and, hence, where there was no express promise, an agreement to pay for such services is not implied from a mother's request that a physician attend her married daughter, when the physician's attendance was with the consent of the daughter's husband.

*McGuire* v. *Hughes*, 141 App. Div. 933, affirmed.

(Submitted February 14, 1913; decided March 11, 1913.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 30, 1910, which affirmed a determination of the Appellate Term affirming a judgment of the City Court of the City of New York in favor of the defendant.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edward J. Connolly* for appellant. The disposition made of this case violates the settled principles of contract. (*Edson* v. *Hammond*, 142 App. Div. 697; *Fay* v. *Brooklyn H. R. R. Co.*, 69 App. Div. 563; *McDonald* v. *Met. St. R. Co.*, 167 N. Y. 66; *Bradley* v. *Dodge*, 45 How. Pr. 57; *Foster* v. *Weeks*, 18 Misc. Rep. 461.) It was error to dismiss the complaint. (*Galvin* v. *Mayor, etc.*, 112 N. Y. 230; *McNally* v. *P. L. Ins. Co.*, 137 N. Y. 389.) It was as principal and not as agent that defendant employed plaintiff. (*Birch* v. *Amidown*, 4 Daly 126; 41 How. Pr. 370; *Mauri* v. *Heffernan*, 13 Johns. 58.)

*Charles Strauss* and *Eugene D. Boyer* for respondent. The complaint was properly dismissed, for the evidence produced on behalf of the plaintiff was not sufficient to sustain an implied promise on the part of the defendant to pay the plaintiff. (*Crane* v. *Baudouine*, 55 N. Y. 256; *Young* v. *Valentine*, 177 N. Y. 347.). A mere request upon a physician by a person that he perform services for a patient whom such person is under no obligation to support does not give rise to an obligation on the part of that person to pay the physician for such services. (*Veitch* v. *Russell*, 3 Ad. & Ell. [N. S.] 927; *Boyd* v. *Sappington*, 4 Watts, 247; *Voorhees* v. *N. Y. C. & H. R. R. R. Co.*, 129 App. Div. 780; 198 N. Y. 558; *Van Gaasbeck* v. *U. S. Lace Curtain Mills*, 132 App. Div. 595; *Hazard* v. *Potts*, 40 Misc. Rep. 365; *Richards* v. *Young*, 84 N. Y. Supp. 265; *Edson* v. *Hammond*, 142 App. Div. 693, 700;

*Meisenbach* v. *Southern Cooperage Co.*, 45 Mo. App.
232; *Rankin* v. *Beale*, 68 Mo. App. 325; *Dorion* v. *Jacob-
son*, 113 Ill. App. 563; *Smith* v. *Watson*, 14 Vt. 332; *Nor-
ton* v. *Rourke*, 130 Ga. 600; *Churchill* v. *Hebden*, 78
Atl. Rep. 337.)

GRAY, J.   This action was brought to recover the rea-
sonable value of services rendered by the plaintiff as a
physician, at the request of the defendant, to the latter's
daughter, a married woman living with her husband.
The plaintiff was nonsuited at the trial, which was had
in the City Court of the city of New York, and the judg-
ment entered in favor of the defendant, dismissing the
complaint, has been affirmed by the Appellate Term and
by the Appellate Division of the Supreme Court.   Leave
was, then, given to the plaintiff to further appeal to this
court.

The plaintiff did not allege, nor does he pretend, that
there was any express promise by the defendant to pay
him for his services; but relies upon the facts as raising
an implied agreement on her part to do so.   These facts,
taking them, as we should, in their most favorable light
upon the plaintiff's case, show that, on November 1st,
the defendant called the plaintiff upon the telephone;
informed him that her daughter was seriously ill and
asked him to •see her.   He told her that he "could not
go without the consent of the daughter's husband."
Subsequently, on November 12th, the plaintiff had an
interview, at his office, with the defendant and her son-
in-law, Mr. Bradley. The defendant introduced her son-
in-law and, in his presence, asked him if he would go up
and see her daughter.   Plaintiff said he was satisfied to
go.   To quote his testimony with respect to that inter-
view, he said "that the introduction of Mr. Bradley by
Mrs. Hughes was giving the consent to my going to see
his wife."   He had no conversation with Mr. Bradley;
who, thereupon, left.   Plaintiff, then, went with the

defendant and made an examination of the patient; as the result of which he informed Mrs. Hughes that he would like to withdraw from the case, because of the particularly grave condition of her daughter. To this she replied by appealing to him to stay in the case; saying, "Doctor, you have been my friend; you have attended my family; you have attended my husband and our children, and I beg of you, for God's sake, don't desert Maude." (Maude being the name of the patient.) The plaintiff had been the defendant's family physician; but he had never attended the Bradleys. He continued in attendance upon the patient, rendering professional services, until some time in January, when she died. Nothing appears to have been said, at any time, with reference to the payment for plaintiff's services.

The only question upon this appeal is whether the defendant came under any obligation to the plaintiff. That turns upon whether the law will imply a promise on her part to compensate him. If we might assume the existence of a moral obligation, that would not determine that a legal, or enforceable, obligation existed. The rule in the United States has, generally, been that a physician is entitled to recover for his services, if not under an express contract therefor, then, under an implied agreement to pay *quantum meruit;* differing, in earlier times, from the rule at common law, which, in England, before the passage of the Medical Act of 1858, in the absence of a special agreement, denied to the physician the right to sue for his professional services; the theory of any payment to him being that of an honorarium. (*Gibbon* v. *Budd*, 2 H. & C. 92; *Battersby* v. *Lawrence*, Car. & M. 277.) The general rule, that, where a person requests of another the performance of services, which are performed, the law implies a promise by the former to pay their reasonable value, has no application in the case of a physician, rendering professional services to a third person, if the relation to the patient of the person, who requests

them, be not such as imports the legal obligation to provide them. The courts below have followed the authority of *Crane* v. *Baudouine*, (55 N. Y. 256); though there was a division in opinion at the Appellate Division as to its application. I think that it has been correctly held to be decisive of the question before us. In that case the plaintiff, a physician, was called in to attend the daughter of the defendant, who was lying ill at the latter's house. She was of age, married and living with her husband, and had been brought there at her mother's request. There being no proof of any express promise to pay the plaintiff for his services, the question of a promise to be implied from the facts was considered by Judge Folger, who spoke for the court. He observed that "the relations between the defendant and her, (his daughter), were not such as that there was upon him such obligation. She was much past her majority; * * * she had lived with her husband and their children, separately from her father, in a house of their own; she was, at the time, living with her husband and their children. Her husband was bound primarily to supply for her all that she needed. * * * The interest exhibited in the case by the defendant to the plaintiff; * * * his presence when the plaintiff made his professional calls, alone and in consultation; * * * his receiving directions as to treatment; * * * are relied upon as circumstances making a basis for an implication." (p. 259.) He held that "so far as legal responsibility was concerned, the defendant, though the father of the patient, was a stranger to her and to her necessities." There was a question upon the evidence, whether the defendant had, in fact, sent for the plaintiff, and it was said that "even had he gone himself and requested the plaintiff to come, we have seen above that the law will not therefrom raise an implied promise to pay for the services." It was reasoned that, while a person may not avail himself of the benefit of services done for him "without coming into an obligation to reward them with a

reasonable recompense," he cannot be said, "in the meaning of the law, to avail himself of services as so done, when they are not for his individual benefit, nor for that of any one for whom he is bound to furnish them." The court, in *Crane* v. *Baudouine*, applied the doctrine of the cases of *Veitch* v. *Russell*, (3 Ad. & Ell. [N. S.] 928), and of *Boyd* v. *Sappington*, (4 Watts [Pa.], 247), that the fact of a request to a physician to attend a patient is not, alone, sufficient for the inference of an agreement to pay for the services rendered. The doctrine, which *Crane* v. *Baudouine* adopted, has influenced the decisions of the courts of other states, (See *Smith* v. *Watson*, 14 Vt. 332; *Raoul* v. *Newman*, 59 Ga. 408; *Meisenbach* v. *Southern Cooperage Co.*, 45 Mo. App. 232; *Dorion* v. *Jacobson*, 113 Ill. App. 563; the two latter cases citing *Crane* v. *Baudouine*), and the case was followed by the Appellate Division in *Voorhees* v. *N. Y. C. & H. R. R. R. Co.*, (129 App. Div. 780), and in *Van Gaasbeek* v. *U. S. Lace Curtain Mills*, (132 ib. 595).

I am, therefore, of the opinion that it should be taken as the rule of law, too well settled upon authority to be now questioned, that a physician, in the absence of a special contract, may recover upon an implied agreement to pay for his services *quantum meruit*, when they have been rendered at the request of the patient, or of a person who, in the eye of the law, is regarded as being under a legal obligation to provide such professional services for the patient; such as a husband, or the parent of a minor child. In the present case, notwithstanding the anxiety, the importunity and the prayers of the defendant, how was the legal obligation of the husband shifted to, or assumed by, the defendant? According to the plaintiff's testimony, he refused to attend the patient until the husband had consented; which may be said to be a recognition, at least, of the marital relation, with its consequent responsibility, or liability. It, certainly, followed that,

when the husband's consent was given, an obligation arose on his part to pay the reasonable value of the services which the plaintiff might render. As there was no express promise by the defendant to pay, can we hold, upon the facts disclosed by the plaintiff's evidence, that there was, also, an implied promise on her part? It would be a simple matter, in cases where the physician is called upon to attend a person, at the instance of some one not standing in a responsible relation to the patient, to inform himself as to whom he shall look for his compensation.

For these reasons, I advise that the order of the Appellate Division be affirmed.

CULLEN, Ch. J., WILLARD BARTLETT, CHASE, CUDDEBACK and HOGAN, JJ., concur; MILLER, J., not sitting.

Order affirmed, with costs.