### VERNAGLIA v. CIROTA.

(Supreme Court, Appellate Term, First Department. December 30, 1915.)

1. PHYSICIANS AND SURGEONS ⊂═⇒13—CONTRACTS—COMPENSATION—IMPLIED CONTRACTS.

The employment of a physician to attend a person by a third person raises no implied contract against the third person to pay for the services, unless the relation of the parties creates a legal obligation on the third person to provide them.

[Ed. Note.—For other cases, see Physicians and Surgeons, Cent. Dig. §§ 18–20; Dec. Dig. ⊂═⇒13.]

2. PHYSICIANS AND SURGEONS ⊂═⇒24—CONTRACTS—COMPENSATION—IMPLIED CONTRACTS.

On the employment of a physician to attend defendant's husband, evidence *held* to show no express promise by the wife to pay for the services, creating any liability against her.

[Ed. Note.—For other cases, see Physicians and Surgeons, Cent. Dig. §§ 53–62; Dec. Dig. ⊂═⇒24.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Antonio Vernaglia against Laura Cirota. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued December term,. 1915, before GUY, PAGE, and PHILBIN, JJ.

Weil, La Guardia & Espen, of New York City (Herman Espen, of New York City, of counsel), for appellant.

James F. Donnelly, of New York City, for respondent.

PAGE, J. The plaintiff, a physician, is suing to recover the alleged reasonable value of professional services rendered to the husband of the defendant. The services are alleged to have been performed at the joint request of the defendant and her husband, who is now deceased.

[1, 2] It is well settled that the performance of services by a physician for a third person at the request of another gives rise to no implied promise to pay for the services by the person making the request, unless the relationship of such person to the plaintiff be one

which imports a legal obligation to provide them. McGuire v. Hughes, 207 N. Y. 516, 101 N. E. 460, 46 L. R. A. (N. S.) 577, Ann. Cas. 1914C, 585. In order to support such a liability of a person under no legal obligation to provide the services of a physician, there must be an express promise on the part of such person to pay for the services, made before the services are rendered.

The plaintiff recognizes this rule, and that a wife is under no legal obligation to provide such services for her husband out of her own estate, but relies upon an alleged express promise of the defendant to pay for the services. The evidence of such express promise by the defendant is the testimony of the plaintiff that at the time when he commenced the services he had a joint conversation with the defendant and her husband, the patient, in which they said:

"Doctor, you are the one we have confidence in, and we want you to visit me, or the sick one, three times daily, and we will pay you for everything you do for us."

He was asked to state exactly what each party said, and replied:

"They all talked. They were both talking together. I cannot separate them."

The defendant denied that she made any statement in regard to payment for the plaintiff's services, and testified that there were several other doctors in the room, who were all talking in consultation, and she had nothing to say to any one.

Resolving this issue of fact most favorably to the plaintiff, I am of the opinion that the testimony does not show an express promise by the defendant to be individually personally responsible for the debt. Assuming that the wife said, jointly with her husband, "We will pay you for everything you do for us," I think that under the circumstances here disclosed the "we" clearly referred to the family, and to the husband as the responsible head of the family. In the absence of a separate statement by the wife, saying "I will pay you," or words to that effect, no express promise on the part of the wife to be personally liable for the doctor's fees could be found.

The judgment appealed from should be reversed, and a new trial granted, with $30 costs to the appellant to abide the event. All concur.