JOHN W. FRUIN *vs.* JOHN A. GLASSNAP.

Third Judicial District, Bridgeport, April Term, 1922.

WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

One who is under no legal obligation to furnish another with medical
care or attention, is not liable for a physician's services, unless
he expressly promised to pay therefor, or unless he requested the
services to be rendered under circumstances which would fairly
give rise to an implied promise upon his part to pay for them; and
therefore a charge which permits the jury to render a verdict for
the plaintiff physician if they merely find that the defendant
"requested" the services, and without a promise of any kind,
express or implied, is inadequate and prejudicial to the latter.

Argued April 11th—decided July 7th, 1922.

ACTION to recover for professional services rendered
by the plaintiff to a child who had been injured by the
defendant's motortruck, brought to the City Court
of Waterbury and transferred, upon motion of the
defendant, to the District Court of Waterbury and
tried to the jury before *Makepeace, J.;* verdict and
judgment for the plaintiff for $144, and appeal by the

defendant. *Error, judgment set aside and new trial ordered.*

*James A. Peasley* and *Maurice T. Healey, Jr.,* with whom, on the brief, was *Maurice P. Wrenn,* for the appellant (defendant).

*Albert W. Hummel,* for the appellee (plaintiff).

BURPEE, J. On the trial the plaintiff offered evidence to prove that a child was injured by an auto truck driven by the defendant, and was carried by a third person into the office of the plaintiff, a physician and surgeon, and left in his care; that the plaintiff immediately administered first aid to the child, and by examination discovered that she was seriously injured and would have to be confined in a hospital for eight or ten weeks and receive constant medical attendance; that soon afterward the defendant came into the plaintiff's office, and the plaintiff told the defendant these facts and that it would cost some money to treat the child, and that he would like to know where he would get his money, and asked the defendant if he wanted him to take the case; that the defendant answered that he did, and told the plaintiff to go ahead, and then gave him $10 to cover the expense of an X-ray picture, and told him to credit the remainder, if any, on his bill for services; and that thereupon the plaintiff rendered the necessary services, the fair value of which was stated in his bill of particulars.

The defendant denied that he had any conversation whatever with the plaintiff concerning payment for services rendered or to be rendered to the child by the plaintiff, and that he had paid the plaintiff any money. He offered no other evidence to contradict the evidence offered by the plaintiff.

It was admitted that the defendant stood in no relationship nor position with the injured child which put an obligation upon him to furnish her with necessary medical care.

On this evidence, under proper instructions, the jury could reasonably have found the issues for the plaintiff; therefore the trial court made no error in denying the defendant's motion to set aside the verdict.

The defendant complains of the charge to the jury respecting the material facts which the plaintiff had the burden of proving. The record shows that the court first called the attention of the jury to the allegation in the bill of particulars that the plaintiff's services were rendered "by request and promise of" the defendant "to pay for the same," and told them that this allegation, being denied, must be proved by the plaintiff by a fair preponderance of evidence. This instruction is not criticised. But in further instructions relating to the same matter, the court repeatedly and invariably used the words "request or promise." The defendant, pointing to the conjunction "or " between the words "request " and "promise," claims that the court thus in effect instructed the jury that the plaintiff might recover in his action if he had proved that the defendant merely requested him to attend the injured child. We are constrained to sustain this claim.

This defendant asserts that he stood in the position of a stranger who simply calls on a physician to care for one who, because of sudden injury, is unable to act for himself, and to whom the stranger holds no relationship which creates an obligation to furnish proper medical care; and he claims that therefore the approved rule of law—that from the mere summons and request of a physician in an emergency to care for a person who is ill the law does not imply a promise

to pay for the services rendered by the physician—exempts him from responsibility. But the admitted facts show that the defendant did not stand in that position; he was not the person who summoned the plaintiff to care for the injured child. Hence the rule of law he cites has no application to this case.

In the conditions in which these parties stood, the burden rested on the plaintiff to prove either an express promise by the defendant to pay the plaintiff for his services, or circumstances or language from which his promise to pay might fairly be implied from the request he made. A simple request would not fix liability on the defendant, because he stood in no relationship to the injured child which bound him to supply her with necessary surgical treatment. It must appear that by something said or done that obligation was put upon him. In *Meisenbach* v. *Southern Cooperage Co.*, 45 Mo. App. 232, 233, the defendant was held not to be liable because, although its agent summoned the plaintiff, he did not tell him it would be responsible for the payment of his bill. In *Van Gaasbeek* v. *United States Lace Curtain Mills*, 116 N. Y. Supp. 776, there was no evidence tending to show any agreement, express or implied, or anything said which would create an obligation to pay. In *Churchill* v. *Hebden*, 32 R. I. 34, 78 Atl. 337, it was held that the plaintiff must prove either that the defendant promised to pay, or circumstances from which such a promise might be implied from a request. In *McGuire* v. *Hughes*, 207 N. Y. 516, 519, 101 N. E. 460, the Court of Appeals said: "The only question upon this appeal is whether the defendant came under any obligation to the plaintiff. That turns upon whether the law will imply a promise on her part to compensate him. If we might assume the existence of a moral obligation, that would not determine that a legal, or enforceable, obligation

existed.   The rule in the United States has, generally, been that a physician is entitled to recover for his services, if not under an express contract therefor, then, under an implied agreement to pay *quantum meruit.*"   In *Rankin* v. *Beale,* 68 Mo. App. 325, the court told the jury that the defendant was liable if it had been proved that he merely sent for and requested the plaintiff to treat his son, who was of age and not dependent upon the defendant, or that the defendant promised to pay for the services.   That charge was essentially like the charge in this case.   It was held erroneous.

From the evidence relating to the conversation between the parties and the time and circumstances in which it took place, and also the payment of $10 on account, it might reasonably be found either that the defendant made an express promise to employ and pay the plaintiff for his services, or that he made a request of the plaintiff for his services which implied a promise to pay for them.   As to the difference between these alternatives, the court did not sufficiently instruct the jury.   It did not define an express promise or an implied promise.   It said nothing about a request from which a promise might legally be implied.   Its repetition of the words "request or promise " was so insistent that the jury must have been impressed with the belief that a mere request of the defendant, without a promise of any kind, would be sufficient to hold him liable to pay for the plaintiff's services.   That is not the law.

In this particular, also, the charge was not fitted to the issues before the jury.   The defendant did not deny that he requested the services rendered, but only that he promised to pay for them.   Whether such a promise might be implied from the request was, therefore, a question which the jury, if they found the evi-

dence insufficient to prove an express promise, would be called upon to determine. Upon this point the charge was inadequate and prejudicial to the defendant.

There is error, the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred, except GAGER, J., who concurred in the result, but died before the opinion was written.