## John Esposito *v.* City of New Haven et al.

Brown, C. J., Jennings, Baldwin, Inglis and O'Sullivan, Js.

Argued June 14—decided July 17, 1951

*Nelson Harris,* with whom, on the brief, was *Charles G. Albom,* for the appellant (plaintiff).

*William L. Beers,* with whom was *Alfred F. Celentano,* for the appellees (defendants).

INGLIS, J.   On September 23, 1938, the plaintiff sustained a collapsed lung while playing in an interscholastic football game on the team representing the Commercial High School, a public school then operated by the defendant city.   He seeks in this action to recover from the city and the football coach the medical expenses incurred by him for the treatment of the injury. He bases his action on a twofold claim: first, that before he participated in the game it had been represented to him by the defendant Walker, then general director of athletics and football coach of the school, that the plaintiff was covered by insurance for medical expenses incurred in treating injuries sustained while playing on the football team, and, second, that the defendants were estopped from denying liability because Walker assured the doctor who treated the plaintiff that all expenses would be "taken care of."

The trial court refused to find that the plaintiff had been assured that he was insured against all expenses for injury of any kind.   It is obvious that unless the court's refusal was erroneous the first claim of the plaintiff falls.   The following facts were found: Before joining the football squad each candidate was required to file with Walker a card bearing the certificate of his own physician to the effect that he was physically fit to engage in the sport, his parent's consent and the report of a dentist as to the condition of his teeth.   He was also required to pay Walker a so-called "insurance" charge of fifty cents.   The plaintiff complied with these requirements.   At the time, the Commercial High School through its principal was affiliated with a voluntary group known as the Council of New England Secondary School Principals Associations, and the card

filed by the plaintiff was headed "C. N. E. S. S. Examination and Permit Card." There was no statement thereon as to what insurance, if any, the council agreed to provide, but it was stated: "Neither the C. N. E. S. S. nor the high school assumes any responsibility in case an accident occurs. The C. N. E. S. S. expects to be able to carry out the provisions of its accident schedule. No guarantee, however, is made that this can be done." A requirement that "Accidents must be reported within 12 days of occurrence" was also set forth. In actuality, the council did not undertake to cover all injuries. The benefits payable under its plan were reimbursement for medical expenses incurred as a result of certain specific injuries listed in the schedule of benefits. A collapsed lung was not one of the injuries listed.

The only evidence that a representation was made to the plaintiff prior to the time he was injured that the insurance covered injuries of every kind was in the testimony of the plaintiff himself. He testified that before he handed in his card and paid the fifty cents Walker told him that no student was allowed to play before turning in the card and fee and that the fee was being paid to cover all accidents. Because of illness, Walker was unable to testify at the trial and the plaintiff's testimony remained uncontradicted. It does not follow that the court was bound to believe the testimony. At the time the statement of Walker was claimed to have been made, the plaintiff was a boy of sixteen years of age. The court may well have deemed it implausible under the circumstances either that he would have been particularly interested in ascertaining just what the insurance was or that Walker would have been specific in his description of it. It is more likely that if anything at all was said it was in general terms that the fifty cents was to pay for some kind of insurance rather than for complete coverage. More-

over, more than twelve years had elapsed between that time and the date of the trial. As we have pointed out in a case where, as here, the testimony stood uncontradicted, the trial court "is the judge of the credibility of witnesses, and that one or more witnesses testified to a fact does not make it an admitted or undisputed one which we can add to the finding." *Mercer* v. *Mercer*, 131 Conn. 352, 353, 39 A. 2d 879; Practice Book § 353 (a); Maltbie, Conn. App. Proc., § 92, p. 124. There was no error in the court's refusal to find that Walker had made the claimed representation.

As regards the second claim of the plaintiff, the court found that after the injury Walker asked the plaintiff's physician to see to it that the plaintiff got the best of care and that the plaintiff and his parents believed that the expenses would be paid by the school or the city. It also found, however, that the plaintiff and his parents engaged only necessary medical and hospital service and that nothing additional was expended in reliance upon any expectation of reimbursement. Although this latter finding is attacked, it is amply justified by the evidence. Under these circumstances it was for the court to determine whether Walker undertook to pay. Its conclusion that his request to the physician raised neither an obligation on him to reimburse the plaintiff for the doctor's services nor an estoppel against him to deny liability on account of any previous representation by him as to the insurance coverage cannot be disturbed. *Fruin* v. *Glassnap*, 97 Conn. 504, 506, 117 A. 547; 41 Am. Jur. 257, § 144.

In view of the fact that it has not been found that Walker made any representation that the insurance covered such an injury as the plaintiff sustained and the fact that Walker is not estopped by any other statement he made, it is unnecessary to discuss the question

whether he had authority to bind the defendant city by his representations.

There is no error.

In this opinion the other judges concurred.