Exchange Mutual Indemnity Insurance Company, Respondent, *v.* Central Hudson Gas and Electric Company, Appellant.

**Limitation of actions — assignment — workmen's compensation — no new remedy conferred upon dependents of deceased employee to recover for his death against third parties — action may not be maintained by insurance carrier against third party to recover, on assigned claim, for death of workman when not commenced until five years after death — insurance carrier not vested with new cause of action when award is not made until after action by next of kin to recover against third party is barred.**

1. It was not intended by section 29 of the Workmen's Compensation Law to confer upon the dependents of a deceased employee a new remedy or cause of action against third parties for the benefit of

the next of kin. (*Matter of Zirpola* v. *Casselman, Inc.*, 237 N. Y. 367, followed.)

2. An action may not be maintained by an insurance carrier, to which has been assigned, by an award of compensation under the Workmen's Compensation Law, the cause of action of the dependents of a deceased workman against defendant, a third party, for negligently causing his death, where the cause of action was not begun until more than five years after that death. Neither assignment nor subrogation confers upon a new party rights greater than those which the original party possessed, and the only remedy of the dependents against defendant was through action brought by the personal representative of the decedent as provided in section 130 of the Decedent Estate Law, which action is barred unless brought within two years of decedent's death.

3. Nor may it be properly held that plaintiff may maintain this action, because, owing to permission to dependents to withdraw their previous election to proceed against the wrongdoer, the award was not made until more than two years after the decedent's death. The language of the Workmen's Compensation Law fails to show an intent that the insurance carrier, upon the making of an award, should be vested with a new cause of action and the court may not read such an intention into the statute even if there may be some occasion when award is made after dependent's cause of action or remedy has been lost by lapse of time.

*Exchange Mutual Indemnity Ins. Co.* v. *Central Hudson Gas & El. Co.*, 216 App. Div. 764, reversed.

(Argued May 3, 1926; decided May 25, 1926.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered March 19, 1926, which affirmed an order of Special Term denying a motion by defendant for a dismissal of the complaint.

*N. Otis Rockwood* and *M. Glenn Folger* for appellant. It is impossible to read into section 29 of the Workmen's Compensation Law an intention on the part of the Legislature to create a very broad and, in point of time, unlimited cause of action in the insurance carrier against a third party. (*Zirpola* v. *Casselman*, 237 N. Y. 367; *Travelers Ins. Co.* v. *Padula Co.*, 224 N. Y. 397; *Casualty Co. of America* v. *Swett E. L. & P. Co.*, 209 App. Div. 175.)

*Francis R. Holmes* for respondent.   The limitation contained in section 130 of the Decedent Estate Law requiring that an action by the personal representative of a deceased to recover damages for wrongful death shall be commenced within two years after the death, does not apply to an action brought by a workmen's compensation insurance carrier as assignee under section 29 of the Workmen's Compensation Law.   (*Bennett* v. *Page Brothers,* 197 App. Div. 745; *Travelers Ins. Co.* v. *Padula Co.,* 224 N. Y. 397; *Travelers Ins. Co.* v. *Brass Goods Mfg. Co.,* 239 N. Y. 273.)   The ends of justice demand that the right to sue upon an assigned cause of action against a third party under section 29 of the Workmen's Compensation Law should continue so long as the possibility of an award against the employer or insurance carrier continues. *Bennett* v. *Page Bros.,* 197 App. Div. 745.)

LEHMAN, J.   The complaint alleges that on the 3d day of July, 1920, one E. Forrest Smith was in the employ of Charles P. Raymond as an electrician and, while acting within the scope of his employment, came into contact with transmission wires maintained by the defendant and sustained injuries which resulted in his death.   Smith left him surviving a widow and three infant children, and the widow and children made claim for compensation under section 16 of the Workmen's Compensation Law (Cons. Laws, ch. 67) and after due hearing an award was made in their favor by the New York State Industrial Board on or about March 20, 1923.   The plaintiff is the insurance carrier liable for the payment of the compensation and, under the provisions of section 29 of the Workmen's Compensation Law, the awarding of compensation operated as an assignment of the cause of action against the defendant based upon remedy which the dependents of the deceased employee might have pursued against the defendant for negligence in causing the death of the wage-earner if they had not elected to take compensation under the statute.

The present action is based upon such assignment. The complaint alleges that E. Forrest Smith's death was caused solely by defendant's negligence. The action was begun more than five years after that death. The defendant has moved under subdivision 6 of rule 107 of the Rules of Civil Practice for an order dismissing the complaint. The motion was denied and on appeal to the Appellate Division the order denying the motion was affirmed by a divided court which has granted leave to appeal and has certified the question: "Did the alleged cause of action upon which the plaintiff seeks to recover in this case exist at the time of the commencement of the suit or had it ceased to exist or been barred by limitation of time?"

The right of the plaintiff to bring this action is governed solely by the provisions of section 29 of the Workmen's Compensation Law. Its cause of action is based upon assignment of the cause of action which the dependents of the deceased might have had against the defendant and upon subrogation to the remedies which they might have pursued against the defendant. Under the provisions of section 130 of the Decedent Estate Law (Cons. Laws, ch. 13) an action by an executor or administrator for negligence or wrongful act causing death of the decedent must be commenced within two years of the decedent's death. If the dependents had no remedy against this defendant except through action brought by administrator or executor under section 130 of the Decedent Estate Law, then even at the time the award was made, the remedy was lost by lapse of time. Question as to whether section 29 of the Workmen's Compensation Law was intended to confer upon the dependents of a deceased employee, new remedy or cause of action, has been foreclosed by our decision in *Matter of Zirpola* v. *Casselman, Inc.* (237 N. Y. 367). "We think the cause of action against third parties for the benefit of next of kin is unchanged by the Compensation Act except to the extent that the act substitutes the carrier, upon the execution of appropriate assignments, to the dis-

tributive shares of next of kin who claim as dependents also." The dependents of the deceased employee in the present case had no remedy against the defendant except through action brought by the personal representatives of the decedent. It appears that they elected originally to pursue that remedy and brought an action against the defendant but subsequently abandoned it without the knowledge or consent of the plaintiff. Thereafter they were permitted to elect to take compensation under the Workmen's Compensation Law. At the time of the award the defendant could have defeated any cause of action brought by them on the ground that it was brought too late. Neither assignment nor subrogation confers upon a new party rights greater than those which the original party possessed.

If we now hold that the plaintiff may maintain this action though the original cause of action or remedy of the personal representative or dependent of the deceased employee no longer exists, we must find, from the language of the statute, a legislative intent that the insurance carrier upon the making of the award should be vested with a new cause of action for which the Legislature has provided no statutory period of limitation. The language of the statute fails to show such intent and the general purpose of the statute may be given effect without stretching its language. In spite of obvious difficulties which would arise if the statute were given the construction for which the plaintiff contends, there might perhaps be argument in its favor if it appeared that, ordinarily, an award would not be made until after the time had passed when mere assignment of the cause of action or subrogation to the remedy of the dependents could result in the transfer of an existing and enforcible right. The Workmen's Compensation Law contains provisions which must ordinarily result in an award long before two years have elapsed, unless there is election by the dependents of a deceased employee to pursue their

remedy against the wrongdoer. Here there was such election and it is only the subsequent withdrawal of such election that has resulted in the assignment of an unenforcible remedy. Permission to withdraw previous election was granted, apparently, because it was thought that the plaintiff was not injured by the dependent's abandonment of an action brought against the defendant after such previous election. We do not pass upon whether the election to proceed against the wrongdoer may be withdrawn when the parties cannot be restored to their original position. The court may not read into the statute an intention to create a new cause of action in favor of the insurance carrier or to wipe out limitation upon the bringing of a cause of action assigned to the carrier even if there may be some occasions when award is made after dependents' cause of action or remedy has been lost by lapse of time. The orders of the Appellate Division and Special Term should be reversed, with costs in all courts; the motion granted, with costs, and the question certified answered as indicated in the opinion.

HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN and CRANE, JJ., concur; ANDREWS, J., absent.

Orders reversed, etc.