# Staunton

United States Fidelity and Guaranty Company, Incorporated v. Blue Diamond Coal Company, Incorporated.

September 26, 1933.

Present, Campbell, C. J., and Holt, Epes, Hudgins and Browning, JJ.

The opinion states the case.

*V. C. Dotson* and *E. Lynn Minter,* for the plaintiff in error.

*Pennington & Pennington,* for the defendant in error.

Epes, J., delivered the opinion of the court.

This is an action instituted on April 11, 1932, by a notice of motion for judgment by United States Fidelity and Guaranty Company, Incorporated, hereinafter called the plaintiff, against Blue Diamond Coal Company, Incorpo-

rated, hereinafter called the defendant. The notice of motion for judgment, together with the exhibits filed therewith as parts thereof, states the following case:

The St. Louis Structural Steel Company was engaged in the construction of a coal tipple for the defendant at the latter's plant in Lee county, Virginia. The plaintiff was the insurer of this contractor's liabilities under the Workmen's Compensation Act. Among the men employed by the St. Louis Structural Steel Company on the construction of this tipple was John Beres.

The steel for the construction of the tipple was loaded on cars by the St. Louis Structural Steel Company, but, when loaded, they were taken in charge by the defendant and hauled up the mountain by it by means of a cable operated by a hoisting engine.

On August 1, 1930, while Beres, in the course of his employment, was engaged in loading steel on a car, he was injured as the result of the negligence of the defendant's servant, who was operating the hoisting engine.

On July 31, 1931, just one day before the statute of limitations (section 25 of the Workmen's Compensation Act, Code, section 1887 (25)) would have barred his claim, Beres filed with the Industrial Commission his claim for compensation for this injury under the Workmen's Compensation Act. On November 9, 1931, the Industrial Commission made an award to Beres against his employer and its insurer, the plaintiff, awarding to him compensation in the sum of $14.00 per week for fifty weeks, beginning October 20, 1931, and costs amounting to $30.60. The amount of this award, aggregating $730.60, was paid to Beres by the plaintiff; and by virtue of section 12 of the Workmen's Compensation Act (Code, section 1887 (12)), the plaintiff "is subrogated to the rights of the said John Beres and St. Louis Structural Steel Company" against the Blue Diamond Coal Company, Incorporated, by the negligence of whose servant he was injured, "and has the right to enforce such rights and duties in its own name."

The notice concludes: "By reason whereof and as the

proximate result of which, the undersigned (*i. e.,* the United States Fidelity and Guaranty Company, Incorporated) has been damaged to the extent of $730.60 with interest from the _____ day of October, 1931."

To this notice, the defendant demurred on the ground "that the said notice shows on its face that said plaintiff, which sues by the right of subrogation provided for in sub-section 12 of section 1887 (*i. e.,* section 12 of the Workmen's Compensation Act, Acts 1930, p. 406, ch. 158), did not bring its suit within one year from August 1, 1930, within which time this action should have been brought to comply with section 5818 of the Code."

The court sustained the demurrer and dismissed the action. The plaintiff applied for and has been granted a writ of error to this judgment. It alleges that the court erred in sustaining the demurrer for reasons which it states as follows:

"1. The demurrer in this case, which is in effect a plea of the statute of limitations, should have been overruled by the court because the limitation of an action is a question of fact and not a question of law.

"2. Under the pleadings in this case, and the exhibits filed therewith, the relation of the parties herein is as a general creditor, with a claim for money loaned or expended. The statute of limitations applicable would be section 5810 of the Code of Virginia, rather than section 1887 (25) or section 5818 of the Code of Virginia.

"3. The statute of limitation applicable began to run the date petitioner suffered pecuniary loss, at which time a new right was created.

"4. The judgment of the court precluded petitioner from amending his notice of motion for judgment, so as to include therein a count as a creditor for money loaned and expended.

"5. By subrogation no action arises until some pecuniary loss is suffered.

"6. The general law with reference to the rights of parties not within the purview of the Compensation Act,

governs as to the statute of limitations and not section 1887 (12) or (25)."

The pertinent parts of sections 12 and 25 of the Workmen's Compensation Act and of section 5818, Code of Virginia 1919, read as follows:

Section 12: "* * * The acceptance of an award under this act against an employer for compensation * * * shall operate as an assignment to the employer *of any right to recover damages which the injured employee * * * may have against any other party for such injury or death,* and such employer * * * may enforce, in his own name * * * the *legal liability of such other party.* If the injured employee * * * has made a claim under this act against his employer, and has not proceeded against such other party, the employer may, in order to prevent the loss of his rights by the passage of time, institute such action prior to the making of an award hereunder. * * *" (Italics ours.)

"Where any employer is insured against liability for compensation with any insurance carrier, and such insurance carrier, shall have paid any compensation for which the employer is liable or shall have assumed the liability of the employer therefor, it shall be subrogated to all the rights and duties of the employer, and may enforce any such rights in its own name or in the name of the injured employee * * *." (Acts 1930, p. 406, ch. 158; Code, section 1887 (12).)

Section 25: "The right to compensation under this act shall be forever barred, unless a claim be filed with the Industrial Commission within one year after the accident, and, if death results from the accident, unless a claim therefor be filed with the Commission within one year thereafter." (Acts 1918, pp. 637, 643, ch. 400; Code, section 1887 (25).)

Section 5818: "Every personal action, for which no limitation is otherwise prescribed, shall be brought within five years next after the right to bring the same shall have accrued, if it be for a matter of such nature that in case a party die it can be brought by or against his representa-

tive; and, if it be for a matter not of such nature, shall be brought within one year next after the right to bring the same shall have accrued."

The contentions made by the plaintiff in paragraphs 2 and 6 of its assignment of its reasons for the assertion that the court erred in sustaining the demurrer are not well made.

█ Where an employee of an employer is injured, while in the course of his employment, by the negligence of some third party, the third party is in no way liable to the employee under the Workmen's Compensation Act. His liability is merely that of a *tort feasor;* and under the provisions of section 5818, unless the injured employee brings his action against the third party within one year from the time the injury was inflicted, his right of action is forever barred. *Anderson* v. *Hygeia Hotel Co.,* 92 Va. 687, 24 S. E. 269; *Birmingham* v. *Chesapeake, etc., Ry. Co.,* 98 Va. 548, 37 S. E. 17.

██ Section 12 of the Workmen's Compensation Act creates no new liability on or right against such third party. It merely *assigns* to the employer, or his insurance carrier, such rights, and only such rights, as the injured employee may have against the third party, and authorizes the employer, or his insurance carrier, to enforce such rights by an action, either in its own name or that of the employee. The right of the employer, or his insurance carrier, does not rest on the principle of subrogation. It is wholly the creature of the statute; and under the statute the employer, or his insurance carrier, stands, in all respects, in the shoes of the employee. If the employee cannot recover, the employer, or his insurance carrier, cannot recover. *Fidelity & Casualty Co.* v. *Huse & Carleton,* 272 Mass. 448, 172 N. E. 590; *Employers' L. Assur. Co.* v. *Indianapolis, etc., Co.,* 195 Ind. 91, 144 N. E. 615; *Exchange Mut. Indemnity Ins. Co.* v. *Central Hudson, etc., Co.,* 243 N. Y. 75, 152 N. E. 470. His right to recover, in whole or in part, the amount of the award paid by him, is no more a right to recover for money loaned and ex-

pended for the benefit of a third party, than is the employee's right to recover from the *tort feasor* for money expended by him for medical and hospital attentions, a right to recover for money loaned and expended for the benefit of the third party who has injured him. A person injured by a *tort feasor* may have expended large sums in and about his recovery, but this does not give him the right to sue therefor upon an implied contract, or make the statute of limitation applicable to actions upon a contract applicable to his right to recover therefor. Though the statute assigns to the insurance carrier the injured employee's tort action against the third party, in order to permit the insurance carrier to recoup, in whole or in part, the amount of the award paid by it, this does not operate to create an implied contract between the insurance carrier and such third party.

The court, however, erred in sustaining the demurrer for the reason that the defense of the statute of limitation can be interposed by demurrer only where the limitation is of the right and not merely the remedy, as, for instance, where a statute confers a right for the first time and, at the same time, fixes a period within which the right may be enforced. In other cases the only method in which the defense of the statute can be interposed is by a plea. Burk's Pl. & Pr. (2d Ed.), section 212. The assignment made by section 12 of the Workmen's Compensation Act creates no new liability on or right of action against the third person by whose negligence the employee was injured. It merely authorizes the insurance carrier to enforce the common law liability to the employee of the third person for his tort. But, even if the right given the insurance carrier to enforce the employee's claim against the third party be considered as the conference of a new right against the third party, the act conferring such new right fixes no period within which it must be enforced. Section 25 has no application to any right of action except the employee's right of action for compensation under the Workmen's Compensation Act against

his employer or his insurance carrier. *Exchange Mut. Indem. Ins. Co.* v. *Central Hudson, etc., Co.,* 243 N. Y. 75, 152 N. E. 470; *Employers' L. Assur. Co.* v. *Indianapolis, etc., Co.,* 195 Ind. 91, 144 N. E. 615, 617.

For the reasons stated the judgment of the trial court will be reversed, and the cause remanded for further proceedings not in conflict with the views herein expressed.

*Reversed and remanded.*