UNITED STATES CASUALTY COMPANY, Respondent, *v.* NORTH AMERICAN BREWING COMPANY, Appellant.

Second Department, April 1, 1938.

*Byron Clark*, for the appellant.

*Henry Ader McCarthy*, for the respondent.

JOHNSTON, J. Plaintiff, an insurance carrier, issued its workmen's compensation policy to one George Keller, doing business as George Keller Copper Works. On May 23, 1930, one Gauger, an employee of Keller, was injured, while working at defendant's premises, through the alleged negligence of defendant. Gauger elected to take compensation and received an award, which was paid by the plaintiff. Plaintiff, acting as Keller's representative, also expended $966.05 for Gauger's medical treatment. Plaintiff, as subrogee or assignee under the statute (Workmen's Comp. Law, § 29), did not bring an action against defendant in the right of Gauger to recover the amount of the award, and concededly the Statute of Limitations has run against that cause of action. Plaintiff did, however, institute this action to recover the sum of $966.05. The sole question to determine is: Is the action barred by the three-year Statute of Limitations? This involves a construction of the statute (Workmen's Comp. Law, § 13, subd. [c], added by Laws of 1927, chap. 553, as last two sentences of section and numbered subd. [c] by Laws of 1935, chap. 258), which reads as follows: "The liability of an employer for medical treatment as herein provided shall not be affected by the fact that his employee was injured through the fault or negligence of a third party, not in the same employ, unless and until notice of election to sue or the bringing of suit against such third party. The employer shall, however, have an additional cause of action against such third party to recover any amounts paid by him for such medical treatment, in like manner as provided in section twenty-nine of this chapter."

Prior to the enactment of the amendment, an anomalous situation existed. The carrier, suing under section 29 as subrogee or assignee of the injured employee, could recover only the amount of the award, that is, only those damages that the employee could recover. These did not include medical expenses, because the employee did not incur or pay them. Under the Workmen's Compensation Law, medical and hospital treatment of injured employees must be furnished by the employer. (*Zurich G. A. & L. Ins. Co.* v. *Childs Co.*, 253 N. Y. 324.) This worked a grave injustice to the employer, which the amendment was designed to correct.

The amendment does not establish a new right or create a new liability or supply a remedy which never existed. It merely changes the procedure for the enforcement of a right which always existed but whose enforcement was suspended by virtue of the existing statute, which imposed a duty on the employer to advance the medical expenses but failed to provide a remedy by which he might be reimbursed. (*Laird* v. *Carton*, 196 N. Y. 169; *Deuscher* v. *Cammerano*, 256 id. 328.) In other words, the amendment provides a means by which the common-law liability of the third party, theretofore unenforcible by the employer under the existing statute, may be enforced by him. Hence the three-year Statute of Limitations applies.

It is well settled that when a carrier under section 29 brings an action against a negligent third party as subrogee or assignee of the employee's action for damages for personal injuries resulting from negligence, the three-year Statute of Limitations applies. (*Exchange M. I. Ins. Co.* v. *C. H. Gas & Elec. Co.*, 243 N. Y. 75.) We do not believe the Legislature intended to limit to the period of three years the carrier's right to sue the negligent third party on the employee's personal injury cause of action and to recover all the damages except medical expenses, and, by the amendment, to permit it to maintain an action for medical expenses resulting from the same injury, at any time within six years from the date of the accident. A construction which would result in such an inconsistency should be avoided. (*People ex rel. Savings Bank* v. *Butler*, 147 N. Y. 164, 168.) While it does not appear from the complaint that the cause of action pleaded accrued more than three years prior to the commencement of the action, plaintiff admits that the summons and complaint were served on August 3, 1935, more than five years after the accident.

The resettled order denying defendant's motion for judgment on the pleadings, or, in the alternative, for summary judgment, should be reversed on the law, with ten dollars costs and disbursements, and motion for judgment on the pleadings granted, with ten dollars costs; the order granting plaintiff's cross-motion for leave to serve an amended complaint should be reversed on the law, without costs, and the motion denied, without costs.

CARSWELL and ADEL, JJ., concur; LAZANSKY, P. J., and TAYLOR, J., dissent, and vote to affirm, with memorandum.

LAZANSKY, P. J., and TAYLOR, J. (dissenting). Upon the facts which are set forth in the prevailing opinion, the cause of action pleaded is not barred by the Statute of Limitations. It is a cause of action for medical expenses incurred in effect by the employer in the treatment of his injured employee.

At common law an employer need not provide medical attendance for such an employee even in an emergency, unless there is an agreement between them to that effect. (*Voorhees* v. *New York Central & H. R. R. R. Co.*, 129 App. Div. 780; affd., 198 N. Y. 558; *Beekman* v. *Paskin*, 147 Misc. 563.) No such agreement is pleaded. The cause of action pleaded does not exist at common law. Therefore, the three-year Statute of Limitations (Civ. Prac. Act, § 49, subd. 6) does not apply. Although at common law a cause of action of an injured employee against a third party because of the latter's negligence would lawfully include a claim for medical services *paid or incurred* by the former, the employee's cause of action, here pleaded as a basis for the recovery of medical expenses paid by the employer, is a mere creature of the statute (Workmen's Comp. Law, § 13, as amd. by Laws of 1927, chap. 553), and, therefore, the six-year Statute of Limitations (Civ. Prac. Act, § 48, subd. 2) applies; and the cause of action is not barred.

In *Zurich G. A. & L. Ins. Co.* v. *Childs Co.* (253 N. Y. 324) it was held that the insurance carrier could *not* recover the expense of medical treatment furnished by it as the employer's representative to the injured employee, for the reason that the latter could not recover those expenses if he were plaintiff, because he neither incurred nor paid them. The *Zurich* action was commenced in 1925 before the amendment of section 13 of the statute. That amendment provided for the recovery by the employer, through an additional cause of action, from the third party of any amounts paid by the former for medical treatment, in like manner as provided in section 29 of the act. Section 29 provides, under certain circumstances, for the operation as an assignment to the State of the cause of action against the third person for the benefit of the State insurance fund, if compensation be payable therefrom, and otherwise to the person, association, corporation or insurance carrier liable for the payment of such compensation. Thus a cause of action in favor of the injured person is transferred by the operation of law to the one who has paid to such person the compensation provided by statute. It is a transfer of a right, which is effected by the statute. That right in the injured person was a cause of action in tort, as to which, in the *Zurich* case, there was a three-year limitation. (Civ. Prac. Act, § 49, subd. 6.)

By section 13 of the Workmen's Compensation Law, as thus amended, the employer is required to provide medical treatment for his employee; and for the reasonable amount which he may pay for such treatment, the employer has a cause of action against the third party — created by the statute. It is not a cause of action which comes by way of assignment of a claim of the injured

employee. Here, as in the *Zurich* case, the employee did not pay for his medical treatment. Therefore, he has no cause of action which may be assigned. The cause of action is created by statute. Before the amendment of section 13 (*supra*), an employer thus providing medical treatment had no means of recovery therefor. This defect was overcome by the amendment to section 13; but, as indicated, that enactment could not and did not create an assignment of a cause of action which never existed in the employee.

In that phase of the appeal which relates to the granting by the Special Term of plaintiff's cross-motion for leave to serve an amended complaint, the discretion of the Special Term was properly exercised.

The orders appealed from should be affirmed.

Resettled order denying defendant's motion for judgment on the pleadings, or, in the alternative, for summary judgment, reversed on the law, with ten dollars costs and disbursements, and motion for judgment on the pleadings granted, with ten dollars costs; order granting plaintiff's cross-motion for leave to serve an amended complaint reversed on the law, without costs, and motion denied, without costs.