### WERKLEY et al. v. KONINKLIJKE LUCHTVAART MAATSCHAPPIJ N. V.

United States District Court,
S. D. New York.

Oct. 4, 1951.

Walsh & Levine, New York City, for plaintiff. Theodore E. Wolcott, New York City, of counsel.

Condon & Forsyth, New York City, for defendant. Cyril Hyde Condon and George Foster, Jr., New York City, of counsel.

RYAN, District Judge.

Defendant moves under Fed.Rules Civ. Proc. rule 15(a), 28 U.S.C.A., for permission to serve an amended answer, pleading an additional, separate and complete defense alleging that plaintiff is not the real party in interest in that the Indemnity Insurance Company of North America, the carrier of the deceased's workman's com-

pensation insurance, is now, by operation of Section 29, subd. 2, of the Workmen's Compensation Law of New York, McK. Consol.Laws, c. 67, the statutory assignee of the claim asserted in the complaint. Defendant also moves under Rule 56 for summary judgment.

Plaintiff here asserts a claim for wrongful death which occurred on July 12, 1949, at or near the Santa Cruz Airport, Bombay, India, while deceased was a passenger on an airplane owned and operated by defendant.

It is not disputed that deceased at the time of his death was in the employ of Time, Inc.; that the Indemnity Insurance Company of North America was the insurance carrier for deceased's employer under the New York Workmen's Compensation Law; that plaintiff, as the widow of deceased, filed claim for death benefits under the New York Compensation Law and that an award of compensation was made on her claim by the Compensation Board. It also appears that the insurance carrier filed suit in this court on June 28, 1951, the summons and complaint being served on July 2, 1951, as plaintiff against defendant named herein, in which the insurer sued as statutory assignee under Section 29, subd. 2. The instant suit was filed by plaintiff on June 29, 1950 and defendant was served on July 6, 1950.

■ It is the settled law that Section 29, subd. 2, "does not create a new and independent right", Indemnity Ins. Co. v. Pan American Airways, D.C.S.D.N.Y.1944, 57 F.Supp. 980, 982, citing Exchange Mut. Indemnity Ins. Co. v. Central Hudson Gas & Elec. Co., 1926, 243 N.Y. 75, 152 N.E. 470. The case cited by plaintiff, Royal Indemnity Co. v. Atchison T. & S. F. Ry. Co., 1947, 272 App.Div. 246, 70 N.Y.S.2d 697, affirmed 297 N.Y. 619, 75 N.E.2d 631, concerns subdivision 5 of Section 29 and is not in point; that subdivision creates a new and independent statutory claim while subdivision 2 merely operates to effect an assignment to the insurance carrier of the existing right possessed by the claimant who has received compensation. The rationale of the Royal Indemnity case is not applicable to subdivision 2.

■ We hold that Section 29, subd. 2, applies to a suit to enforce a claim arising out of rights created by the law of India, for " 'In the absence of any provision to the contrary in the law of the state of the injury, we think that such (statutory) assignment is governed by the law under which the compensation is accepted.' " Alexander v. Creel, D.C., 54 F.Supp. 652, 657. Our attention has not been called to any contrary provision in the Fatal Accidents Act of India.

■ Leave to amend to plead the proposed defense is granted; "justice so requires", Rule 15(a); of course, we do not pass upon the factual merits of the proposed defense.

■ We now come to defendant's motion for summary judgment. It has been determined that the six months' period within which a compensation claimant must pursue his remedy against a third party before the provisions of Section 29, subd. 2, operate, begins to run when the first award of compensation has been made to the claimant. Nelson v. Buffalo Niagara Electric Corp., 1942, 264 App.Div. 941, 36 N.Y.S.2d 205, affirmed 292 N.Y. 600, 55 N.E.2d 371. Jurisdiction herein is predicated upon diversity of citizenship; the action is therefore deemed to have been commenced on July 6, 1950, the date of service upon the defendant. Ragan v. Merchants Transfer Co., 1949, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520. The question is presented of whether this was within six months of the date the first award was made to plaintiff. As to this there appears to be a bona fide factual dispute, which must be resolved by trial. Motion for summary judgment denied.

■ It seems, however, that an application might properly be made to the judge presiding in pre-trial for consolidation of the two suits now pending and for a trial of the special issue as to whether the provisions of Section 29, subd. 2, have in fact operated to effect an assignment to the insurance carrier of the claim asserted here.