**WERKLEY v. KONINKLIJKE LUCHT-VAART MAATSCHAPPIJ N. V. (Royal Dutch Airlines Holland).**

United States District Court
S. D. New York.
Jan. 28, 1952.

See also D.C., 13 F.R.D. 425.

Walsh & Levine, New York City (Theodore E. Wolcott, New York City, of counsel), for plaintiff.

Condon & Forsyth, New York City (Cyril Hyde Condon and George Foster, Jr., New York City, of counsel), for defendant.

RYAN, District Judge.

On October 4, 1951, D.C., 111 F.Supp. 300, we granted defendant permission to amend its answer pleading the additional defense that the plaintiff is not the real party in interest; at the same time, we denied defendant's motion for summary judgment. Our reasons for these rulings are

set forth in a memorandum of that date, familiarity with which is assumed.

 Plaintiff and defendant move for reargument. There has now been submitted for our examination and inspection the original files of the Workmen's Compensation Board, State of New York, on Claim No. 49060162. This claim was filed by Peggy E. Werkley for compensation due to her as widow and to her infant child by reason of the death of John Werkley on July 12, 1949 at Bombay, India in the airplane crash which is the incident on which the claims asserted in the complaint herein are based. From these files, we find that an award of compensation was made on this claim on October 17, 1949. This action was not commenced until July 6, 1950, more than six months after the first award of compensation. The right to file this third-party suit therefore is vested in the Workmen's Compensation Carrier by operation of Sec. 29(2) of the Workmen's Compensation Law of New York, McK.Consol. Laws, c. 67, unless the statute of India which created the right to sue for wrongful death contains some express provision prohibiting this. Alexander v. Creel, D.C., 54 F.Supp. 652. This must be determined by examination of the applicable statutes of India. We find nothing in either the Indian Fatal Accidents Act of 1855 or in the Indian Carriage by Air Act of 1934, which would prevent such an assignment from becoming effective by operation of law. Section 6 of the Transfer of Property Act of India by its terms bars the voluntary assignment of a right to sue. It does not bar an assignment by operation of law which results from inaction rather than from a voluntary act on the part of the person possessing the cause of action.

The first five counts of the complaint assert claims which seek recovery on behalf of the widow and infant of the deceased. These counts and the claims they assert have by operation of the Workmen's Compensation Law of New York become vested in the compensation carrier, and as to them the defendant's motion must be granted and the complaint dismissed.

 The recent amendment to Section 29(2) accomplished by Chapter 527, Laws of New York 1951, is not applicable to the instant suit. This amendment became effective on September 1, 1951; the right to assert the claims herein was vested in the compensation carrier prior to that date. The statute has no retroactive effect.

The sixth count of the complaint is allegedly brought on behalf and for the benefit of the estate of the deceased and seeks recovery for pecuniary loss to the estate. Thus, paragraph "Twenty-Seventh" alleges that,

"It was and continues to be the law of India that in any such action or suit for wrongful death, the administrator or representative of the deceased may insert a claim for and recover any pecuniary loss to the estate of the deceased occasioned by such wrongful act and such recovery shall be part of the assets of the deceased's estate."

It is the contention of the plaintiff that the fatal accident under the law of India gave rise to two separate and distinct claims—one, solely for the benefit of the widow and infant, and the other, solely for the benefit of the estate of the deceased. The derivation of the claims asserted in the first five counts of the complaint plaintiff argues is in the Indian Fatal Accidents Act, The Indian Carriage by Air Act and the Warsaw Convention; the second claim, asserted in the sixth count of the complaint, it is urged is provided for by Section 2 of the Indian Fatal Accidents Act, which in part reads:

"Provided that, in any such action or suit the executor, administrator or representative of the deceased may assert a claim for and recover any pecuniary loss to the estate of the deceased occasioned by such wrongful act, neglect or default; which sum, when recovered shall be deemed part of the assets of the Estate of the deceased."

By paragraph "Twenty-Eighth" of the complaint, plaintiff alleges in support of the sixth count that "deceased at the time of

his death was in good health and had a life expectancy of 31.7 years and the pecuniary loss suffered by his estate is in the sum of $250,000." This count asserted on behalf of the estate plaintiff urges does not fall within the scope of Section 29(2) of the New York Workmen's Compensation Law, even though it may be held that the section does apply to the other counts of the complaint.

The Indian Fatal Accidents Act, Act No. XIII of 1855, gives dependents under Section 1 the right to sue to recover compensation for pecuniary loss sustained by them occasioned by death due to the wrongful act or neglect of another. It also gives the legal representatives of the deceased, under Section 2, the right to make claim for any pecuniary loss to the estate of the deceased resulting from the wrongful death. Any recovery had under Section 2 is for the benefit of and becomes part of the estate of the deceased. The damages recoverable under this section, however, are limited to those losses which could naturally be contemplated and which are the natural consequences and result of the wrongful act. Secretary of State v. Gokal Chand (1925), I.L.R. 6 Lah. 451. Such damages exist quite apart from pecuniary loss suffered by dependents.

█ But, the facts set forth in the sixth count of the complaint do not plead basis for a claim under the Indian Fatal Accidents Act. Recovery is sought for the wrongful death of one who at the time was a passenger being carried by air. It is alleged that the deceased was a passenger on defendant's aircraft which while in flight approaching Bombay, India, came in contact with a hill killing all aboard. The sole liability of air carriers with respect to such deaths is governed by the rules contained in the First Schedule of the Indian Carriage By Air Act, Act No. XX of 1934, which came into effect February 18, 1935. It is so specifically provided in subdivision 4 of Section 2 of the Act. 4 Encyclopedia of the General Acts and Codes of India, p. 4. India, by this statute, gave legislative recognition and effect to the Warsaw Convention, and made its provisions applicable to local as well as to international flights. The Second Schedule of the Act provides in paragraph 1 that the liability of the carrier in the event of the death of a passenger "shall be enforceable for the benefit of such of the members of the passenger's family as sustained damage by reason of his death." No right of recovery is granted to the estate of the deceased passenger. The sixth count of the complaint must also be dismissed.

█ We have then but to consider whether leave should be granted plaintiff to serve an amended complaint pleading count six in such terms as would bring this claim within the provisions of the Fatal Accidents Act of India. In this connection, we must note that by Section 34 of the First Schedule of the Carriage By Air Act of India, the Act "does not apply to international carriage by air performed by way of experimental trial by air navigation undertakings with the view to the establishment of a regular line of air navigation, nor does it apply to carriage performed in extraordinary circumstances outside the normal scope of an air carrier's business." Plaintiff's attorneys represent that they have proof which they expect will establish on trial that the carriage was "performed in extraordinary circumstances outside the normal scope" of defendant's business as an air carrier, "by way of experimental trial," and undertaken "with the view to the establishment of a regular line of air navigation." Success in this evidentiary endeavor would bring the flight within the exceptions of the Carriage by Air Act. Although we are unable to find any precedent or authority (and none has been cited to us), it seems that this exception might under some circumstances be held applicable even though the deceased was being carried as a passenger for hire (as is now alleged in the complaint). The exceptional facts which it is claimed by plaintiff existed with respect to this flight would have to be affirmatively pleaded in view of the wording of the Indian statute.

But, whether proof of these exceptional facts would support an independent claim

for damages for the loss by deceased of his expectancy of life asserted on behalf of his estate, under Section 2 of the Fatal Accidents Act of India, presents a most difficult question of foreign law. On this, we have not been informed by any expert advice submitted by the parties and some doubt still remains after our own independent research.

It seems that the Fatal Accidents Act of India, if it is to be interpreted as is the Fatal Accidents of England, does not permit such a claim for the benefit of the estate. The Indian Fatal Accidents Act is based on the English Fatal Accidents Act, 1846, 9 & 10 Vict. c. 93, commonly known as Lord Campbell's Act; cf. Secs. 130–133, New York Decedent Estate Law, McK. Consol.Laws, c. 13. It is only because of further legislative enactments that such a claim may be maintained in England. An independent claim for damages with respect to the shortening of the deceased's expectation of life is allowed in England under the Law Reforms (Miscellaneous Provisions) Act, 1934, for the benefit of the estate of the deceased. Rose v. Ford, 1937 A.C. 826. Lord Atkin in that case, at p. 834, observed that there is a "substantial distinction between damages awarded to the living, because life is shortened, and damages to a third person, because of some other person's death." It is only by the Law Reforms Act that the first of these rights survives and that a remedy is provided for its enforcement. If the law of India contains legislation similar to the Law Reforms Act of 1934, we would hold that the first right is still vested in the estate of the deceased and that the second, only, is vested in the compensation carrier by operation of Section 29(2). Under such circumstances, an amended complaint would be allowed.

We shall, therefore, reserve decision on whether plaintiff is to be granted leave to serve an amended complaint, pleading only such claims as are created by Indian law for the benefit of the estate of the deceased. Counsel may within 20 days submit affidavits of experts on the law of India and additional memoranda of law, if they are so advised.