## WERKLEY v. KONINKLIJKE LUCHT-VAART MAATSCHAPPIJ N. V.

United States District Court
S. D. New York.

Oct. 8, 1952.

Walsh & Levine, New York City, for plaintiff. Theodore E. Wolcott, New York City, of counsel.

Condon & Forsyth, New York City, for defendant. George Foster, Jr., New York City, of counsel.

RYAN, District Judge.

The situation here presented is set forth in our memorandum dated January 28, 1952. D.C., 110 F.Supp. 746. We then left to be determined whether leave should be granted to plaintiff, suing as administratrix of her husband's estate, to amend her complaint pleading a claim for loss of expectancy of life arising under Indian law. We have held that the law of that country is the measure of the rights arising from the alleged wrongful death. We also ruled that if the Indian Carriage by Air Act governed, no claim inuring to the direct benefit of the deceased's estate, as such, arose from the death. Plaintiff's attorney urged that on trial he would be able to establish that this action fell within the exception provision of that statute and that in its stead the Fatal Accidents Act of India applied. Leave was granted both

sides to submit opinions from experts on Indian law as to whether, assuming the accident did come under the Indian Fatal Accidents Act, a claim exists in favor of decedent's estate.

We have read and considered the expert opinions on Indian law so obtained. It appears that the Indian Fatal Accidents Act, passed in 1855, was modeled after and conformed in all respects with the English Fatal Accidents Act. As interpreted by the English courts, Section 2 of the Fatal Accidents Act of that country, was held not to provide for or give rise to a claim in favor of decedent's estate in the case of wrongful death. In fact, it was only by amendment (Law Reforms Act of 1934) that such a claim was created. A like amendment was never enacted in India, nor, from the opinions of the experts on Indian law here submitted, can it be surmised that such amendment was even contemplated. It also appears that no Indian court, since the adoption of the Indian Fatal Accidents Act, has had occasion to decide this question, nor has any dicta of its courts given any indication of their interpretation of the Act on this question.

 The English courts' interpretation of an act exactly the same in all respects, without precedent of Indian courts to the contrary, must therefore be taken as indicative of the proper interpretation. The Indian Fatal Accidents Act, without an amendment similar to that of the English act, must also be held by this court to have given rise to no such claim in favor of decedent's estate.

Our attention has also been called to the Indian Succession Act of 1925, Section 306 of which provides that,

"All demands whatsoever and all rights to prosecute or defend any action or special proceeding existing in favor of or against a person at the time of his decease survive to and against his executors or administrators. * * *"

In respect to this statute, we note that at the time of his death, the deceased could not, of course, possess an action against the defendant for loss of expectancy of life. Moreover, even if such a right did exist in his favor at the time of his death, being a personal one it was transferred by operation of law. Workmen's Compensation Act of N.Y., McK.Consol.Laws, c. 67, Section 29, subd. 2.

The deceased's estate under either the Indian Carriage by Air Act or the Indian Fatal Accidents Act has no claim for loss of expectancy of life or wrongful death. Leave to amend is denied and the complaint is dismissed.