### Burton R. RAUGHLEY
### v.
### PENNSYLVANIA RAILROAD COMPANY.

Civ. A. No. 14025.

United States District Court
E. D. Pennsylvania.

Dec. 10, 1954.

On Reargument May 12, 1956.

James F. Masterson, Philadelphia, Pa., for plaintiff.

Philip Price, Christopher Branda, Jr., William H. Lowery, Philadelphia, Pa., for defendant.

KIRKPATRICK, Chief Judge.

The plaintiff was injured on October 17, 1950, in Virginia and instituted suit in this district on August 4, 1952, for personal injuries caused by the negligence of the defendant. This is a motion by the defendant for judgment on the pleadings and the only question involved is whether the plaintiff's right of action is barred by the Virginia statute of limitations. I am of the opinion that it is.

The legislation bearing upon the question begins with Sec. 11 of chapter 149 of the Virginia Code of 1849 which provides:

"Every personal action, for which no limitation is otherwise prescribed, shall be brought within five years next after the right to bring the same shall have accrued, if it be for a matter of such nature, that in case a party die, it can be brought by or against his representative, and if it be for a matter not of such nature, shall be brought within one year next after the right to bring the same shall have accrued."

The question which underlies this entire controversy is: Did the legislature, in

providing in the Code of 1849 that personal actions to which the incident of survival then attached should have a five year period of limitation, mean that such class of actions should be an open one and would be expanded from time to time as the legislature provided for the survival of additional kinds of actions, or was it merely taking a short-cut method of assigning a five year limitation to a number of existing causes of action, with the same effect as though it had specified each by name, so that it would take legislation expressly directed to the limitation period to add new actions to the class? If the former interpretation is correct, then this action would not be barred, because the Act of 1950, c. 481, enacted prior to the plaintiff's accident, plainly provides that all actions "for injuries to person or property" shall survive the death either of the wrongdoer or the person injured. If the latter, then we must look for some express extension of the period of limitations for personal injury actions, and that did not take place until 1954.

Repeated amendments of the wrongful death statute were passed upon by the courts of Virginia and uniformly held not to affect the limitation provision of the Act of 1849. The plaintiff argues that the Acts of 1877–78, c. 238, and Sec. 5790 of the Code of 1919, were not survival statutes, but merely statutes providing that actions brought in the lifetime of the injured person should not abate by reason of his death. However this may be, it could not be successfully contended that the Act of 1928, c. 446, does not fit exactly into the language of the Act of 1849. The Act of 1849 provided for a five year period as to actions brought either by or *against* a deceased party and the Act of 1928 (regardless of whether it can be construed to provide for survival of a cause of action in the event of the death of the injured party) does definitely and expressly provide for the bringing of an action for personal injuries after the death of the *wrongdoer*. The Act of 1928 also contains a proviso, "Nothing contained in this section shall be construed to extend the time within which an action for any other tort shall be brought * * *", which is the same proviso that appeared in the Code of 1919.

The earlier Act of 1877–78 had been construed by the Virginia court in Anderson v. Hygeia Hotel Co., 92 Va. 687, 24 S.E. 269, as not affecting the statute of limitations. The Act of 1893–94, p. 83, was construed in Birmingham v. Chesapeake & O. Ry. Co., 98 Va. 548, 37 S.E. 17, to the same effect. In the Official Revisors' Notes to Sec. 5790 of the Code of 1919, the following appears: "The revised section was not intended to change the holding in Birmingham v. Chesapeake & O. Ry. Co., supra". After this series of amendments and judicial interpretations, the Act of 1928 came before the court in United States Fidelity & Guaranty Co. v. Blue Diamond Coal Co., 161 Va. 373, 170 S.E. 728, and in that case the court held that the Act did not accomplish any change in the statute of limitations and cited Anderson v. Hygeia Hotel Co., supra, and Birmingham v. Chesapeake & O. Ry. Co., supra, in support of its conclusion.

It would seem that the legislature must have been fully conscious of the fact that amendments which did no more than add new provisions for the survival of actions would not affect the statute of limitations. In other words, the legislature took the Act of 1849 as not assigning a five year limitation to an open, expansible class of actions. Additional support to this view is found in the fact that when the wrongful death act was again amended in 1952, c. 378 there was a proviso expressly containing a one year limitation. That was the limitation in effect under the Act of 1849. And then, in 1954, c. 607 when the legislature decided to change the period of limitations, it changed the proviso in the former Act, but more significantly, it, for the first time, amended the Act of 1849. In other words, the legislature seems to have felt all the way through that the way to change the statute of limitations was to change it by express enactment

and not to merely extend, from time to time, the class of actions which survived. In fact, the series of provisos contained in the statutes indicates that the legislature was being very careful that such a result would not inadvertently occur. All this makes it rather clear that the subsequent legislatures understood and accepted the five year provision of the Act of 1849 as applying only to such actions as, at that time, survived.

Judgment may be entered for the defendant.

## On Reargument

At the original argument, the decision of the Supreme Court of Appeals of Virginia in United States Fidelity & Guaranty Co. v. Blue Diamond Coal Co., 161 Va. 373, 170 S.E. 728, seemed to me to be dispositive of the question involved, and I still think that it is. The Act of 1928, dealing with actions for personal injuries, which the Court had before it in the United States Fidelity & Guaranty Co. case, was not a survival Act so far as the injured person was concerned, but as to the wrongdoer it certainly was. Having provided merely for the non-abatement of an action brought by an injured person in his lifetime, by reason of his death, when it came to deal with a case where the party who died was the wrongdoer, the Act expressly provided for the survival of the *right of action* against him, not merely of any action that may have been pending. Thus the survival provision of the Act came exactly within the language of the limitation section, Sec. 11, Ch. 149 of the 1849 Code, which provided a five year period for "Every personal action * * * of such nature, that in case a party die, it can be brought by *or against* his representative", and it certainly added a new type of action to the class of those which could be brought after the death of one of the parties. In other words, if the class of actions to which a five year limitation was assigned were expansible, the Act of 1928 would have expanded it. Nevertheless, the Court held that the statute of limitations as to actions for personal injuries remained at one year and was not extended to five years when a new survival action was created by the Act of 1928. The Court could not have so held had the five year limitation class been an expansible one. The Court did not discuss the point but the decision necessarily negatives the plaintiff's contention here.

Several cases stressed by the plaintiff at the reargument do not in my judgment change the force and effect of the United State Fidelity & Guaranty Co. decision. All of the cases in question construe the Virginia statute providing for the survival of causes of action for injury to the estate or property of the decedent. This statute was enacted in its present form as Title 38, Chapter 130, Section 20, of the Virginia Code of 1849 which became effective at the same time that the statute of limitations became effective. Since such actions were made to survive by the same Act which provided for the limitation, they would, therefore, be within the class of actions to which the five year limitation applied when it was enacted. The decisions do not lead to the conclusion, as the plaintiff contends, that the statute of limitations was an open-end statute. References to a change from the common law contained in some of the opinions obviously refer to the common law before it was changed by statute in Virginia.

Certain of the cases have to do with causes of action which in their present form were unknown to the common law, e. g. the anti-trust laws and the wrongful death act. Such causes of action were analyzed and considered by the courts with reference to whether or not they fitted into the type of actions which were an injury to property or estate or whether they were essentially for injury to the person. After determining this question, the courts then applied the law as it existed in 1849. In other words, the inquiry in each case was essentially whether, if the cause of action were brought in 1849, it would have survived under the statutory law as it existed then.