In the Matter of the Estate of BENEDICT O'CONNOR, Deceased. JOYCE R. O'CONNOR, as Administratrix, et al., Respondents; LIBERTY MUTUAL INSURANCE COMPANY, Appellant.

Second Department, June 8, 1964.

*Albert P. Thill* (*William T. Ryan* of counsel), for appellant.

*Michael J. McGrath* for administratrix, respondent.

*Martin P. Clayton,* special guardian for John T. O'Connor, an infant, respondent in person.

CHRIST, J. This appeal presents for decision the validity of a lien asserted by an insurance company on the proceeds of the settlement of a third-party action instituted in the State of Oklahoma.

On April 27, 1951, the petitioner's husband (the decedent), while in the course of his employment with Sperry Gyroscope Company, a New York corporation, was killed in the crash of a United States Air Force plane in Oklahoma. Pursuant to the terms of an insurance policy which Liberty Mutual Insurance Company had issued to Sperry, and without waiting for an award of compensation, Liberty commenced payment to the widow and son of workmen's compensation benefits, calculated under the laws of New York; Liberty also paid $400 funeral expenses.

On July 11, 1951, all parties appeared at a hearing before the New York Workmen's Compensation Board; and the board, which decided that New York State had jurisdiction, made a formal award which directed Liberty to pay petitioner the funeral expenses and to make biweekly payments of $52.50.

The petitioner at no time raised any question concerning the award or the jurisdiction of the New York State Workmen's Compensation Board. Petitioner accepted and retained the payments made by Liberty; such payments now total over $12,000.

Subsequently, petitioner commenced a third-party action in Oklahoma against the United States Government, which resulted in a compromise settlement for $90,000. Liberty has now

asserted against this fund a statutory lien under the laws of this State (Workmen's Compensation Law, § 29).

Section 29 of the Workmen's Compensation Law provides that an insurance carrier "shall have a lien on the proceeds of any recovery" in a third-party action to the extent of the amount of compensation awarded. Under the statute of Oklahoma, however, no such right of subrogation exists (Oklahoma Workmen's Compensation Law, § 44, subd. [b]). The Surrogate here applied the Oklahoma law and disallowed the lien.

The question is whether Liberty is entitled to reimbursement out of the proceeds of the third-party action for the compensation payments which it made to petitioner.

Although we are mindful of the theory adopted by the Court of Appeals in a recent case (*Babcock* v. *Jackson,* 12 N Y 2d 473), nevertheless, for the purposes of this decision we assume that, since the accident occurred in Oklahoma and the action was commenced and settled there, that State's tort law determines the rights of the parties in the third-party action (*Bagnel* v. *Springfield Sand & Tile Co.,* 144 F. 2d 65). While the death statutes and workmen's compensation benefits of Oklahoma were intended to complement each other (*Updike Advertising System* v. *State Ind. Comm.,* 282 P. 2d 759 [Okla.]), petitioner did not invoke *that* State's compensation law but chose to proceed under the Workmen's Compensation Law of New York.

It has been determined that the rights of parties are governed by the law under which workmen's compensation benefits are accepted (*Matter of Smith* v. *Heine Boiler Co.,* 224 N. Y. 9; *Tuffarella* v. *Erie R. R. Co.,* 17 A D 2d 484; *Werkley* v. *Koninklijke Luchtvaart Maatschappij N. V.,* 111 F. Supp. 300; 99 C. J. S., Workmen's Compensation, § 23).

Thus, the petitioner, by invoking the provisions of the New York statute and accepting and retaining benefits under it, has made the New York law applicable. The liability of the carrier (Liberty) was established under such law and its right to subrogation arises under it. Hence, the carrier is entitled to a lien to the extent of the obligations paid or incurred by it (*Alexander* v. *Creel,* 54 F. Supp. 652; *Liberty Mut. Ins. Co.* v. *Borsari Tank Corp.,* 248 F. 2d 277; *Matter of Hertell,* 135 Misc. 36).

An examination of the Oklahoma statute reveals that its provisions apply only to benefits "paid under this Act" (see *Privetera* v. *Hillcrest Homes,* 29 N. J. Super. 591; *New York Cent. R. R. Co.* v. *Milhiser,* 106 N. E. 2d 453, 457 [Ind.]). Since the compensation payments here were made under the New York act, the Oklahoma act, by its terms, has no application.

336

The decree, insofar as it denied the lien of the claimant Liberty, should be reversed on the law, with costs to Liberty payable out of the estate; and Liberty's claim to a lien on the proceeds of the settlement of the wrongful death action should be allowed in the sum of $12,212.50. The findings of fact implicit in the Surrogate's decision are affirmed.

UGHETTA, Acting P. J., BRENNAN, RABIN and HOPKINS, JJ., concur.

Decree, insofar as it denied said lien, reversed on the law, with costs to the claimant Liberty payable out of the estate; and its claim to a lien on the proceeds of the settlement of the wrongful death action allowed in the sum of $12,212.50. The findings of fact implicit in the Surrogate's decision are affirmed.