Keating, J. (dissenting).
We would apply the literal words of section 207-c of the General Municipal Law and hold that a “ cause of action [has] accrued ” to the City of Buffalo, not by way of subrogation or assignment, but in its own right and that therefore the action here was timely commenced since it was started within six years of payment. (Civ. Prac. Act, § 48, subd. [2].)
United States Cas. Co. v. North Amer. Brewing Co. (253 App. Div. 576, affd. 279 N. Y. 762), relied upon by the majority in the Appellate Division, is distinguishable. There the three-year ¡Statute of Limitations (Civ. Prac. Act, § 49, subd. [6]) was applied to an action by a compensation carrier to recover for medical expenses it paid on behalf of its injured employee. In *1019 .our view, we are dealing here with an entirely different statutory scheme.
If one examines section 29 of. the Workmen’s Compensation Law as it existed prior to September 1, 1937 one finds a well-developed scheme of subrogation, which is lacking in section 207-c of the General Municipal Law. At that time an injured employee had the alternative of either seeking compensation or going against the third party. To the extent that there was a deficiency between the judgment obtained against the third .party and the amount which the employee could obtain by compensation, the deficiency was made up by the carrier. If the employee chose compensation, the third-party action was assigned to the carrier. The latter could then bring the action, while the employee lost his right to commence any action whatsoever. Thus there was a well thought out subrogation scheme in the Workmen’s Compensation Law which would have made it .rather anomalous to treat the claim for medical expenses differently from the carrier’s claim by way of subrogation. “ We do not believe that the Legislature intended to limit to the period .of three years the carrier’s right to sue the negligent third party on the employee’s personal injury cause of action and to recover all the damages except medical expenses, and, by the amendment, to permit it to maintain an action for medical expenses resulting from the same injury, at any time within .six years from the date of the accident. A construction which would result in such an inconsistency should be avoided.” (253 App. Div., supra, p. 578.)
To construe section 207-c of the General Municipal Law as creating a new cause of action will not result in the inconsistency referred to in United States Cas. Co. v. North Amer. Brewing Co. (supra). There is in section 207-c no assignment to the municipality of any cause of action which the policeman has.
It is also of significance that, under the present statutory scheme of section 29 of the Workmen’s Compensation Law in effect since September 1, 1937, the carrier’s right is expressly based on subrogation. The employee can both receive compensation, including medical benefits, and can go against the third-party tort-feasor. The employee, however, has only six months in which to institute the third-party action. If he fails to do so, there is an automatic assignment of the cause of action to the carrier. The carrier must turn over two thirds of all pro *1020 ceeds—in excess of the carrier’s payments — to the employee. Thus in a real sense the carrier is acting on behalf of the employee when it brings a third-party action. In contrast, under section 207-c, the municipality’s only interest is to recover its own expenditures. It does not act for the policeman and it owes him no duty of representation. It, therefore, seems evident that the municipality’s rights are not based upon subrogation, but on an independent right created by statute.
The order of the Appellate Division should be reversed and the motion to dismiss the complaint denied.
Chief Judge Fuld and Judges Scileppi, Bergan and Breitel concur in memorandum; Judge Keating dissents and votes to reverse in an opinion in which Judge Burke concurs; Judge Jasen taking no part.
Order affirmed.