■ NEW JERSEY MANUFACTURERS INSURANCE COMPANY, Respondent, v ROBERT STECKERT et al., Appellants, et al., Defendant. [694 NYS2d 39] —Judgment, Supreme Court, New York County (Barbara Kapnick, J.), entered May 14, 1998 which, to the extent appealed from, awarded plaintiff the principal amount of $40,930.96 against the Steckert defendants, and order, same court and Justice, entered April 7, 1998, which granted plaintiff summary judgment and denied said defendants' cross-motion for summary judgment, unanimously reversed, on the law, without costs, plaintiff's motion denied and the Steckert defendants' cross-motion for summary judgment dismissing the complaint granted. The Clerk is directed to enter judgment in favor of defendants-appellants Robert Steckert and Susan Steckert dismissing the complaint as against them.

Defendant Robert Steckert, a New Jersey resident, was seriously injured when, during the course of his employment by Longacre Truck Leasing Corp, his vehicle was struck, in Manhattan, by a truck driven by defendant Babulall Ragoo, a New York resident, employed by Broadway Delivery Corp., a New York corporation. The truck was owned by defendant Cohen Express Corp., a New Jersey corporation, for which no-fault coverage was provided by defendant Continental which has offices in New York County. Cohen mistakenly submitted an "Employee Claim Petition" on behalf of Steckert—who was not its employee — to Cohen's workers' compensation insurance carrier, plaintiff New Jersey Manufacturers Insurance Company. Plaintiff, mistakenly believing Stecker to be Cohen's employee, commenced paying Steckert's medical and wage loss benefits, which it paid until it discovered that Steckert worked for Longacre rather than Cohen. By that time, it had paid

$61,396. The Steckerts' New York tort action against Cohen and Ragoo was settled for $850,000 on May 2, 1996. No part of that settlement represented the first $50,000 of necessary medical expenses and loss of earnings. Plaintiff, in the instant action, relying on New Jersey Statutes Annotated (Labor and Workmen's Compensation) § 34:15-40, allowing a statutory lien for two-thirds (minus $200) of benefits paid to an injured employee by a third party, sought a lien against the settlement proceeds. Notwithstanding the prohibition against such a lien under New York Workers' Compensation Law § 29 (1-a), the motion court, finding that New Jersey law governed, granted plaintiff summary judgment in the amount $40,930.96 against the Steckert defendants, and denied those defendants' cross-motion for summary judgment.

The court approached this as a loss allocation case (cf., *Padula v Lilarn Props. Corp.*, 84 NY2d 519). However, the relevant issues involve the applicability of a provision of State insurance law, decided under New York law, applied against a New York judgment, rather than the allocation of liability. Hence, the choice of law analysis employed by the court, which viewed this as a case of economic injury accruing in New Jersey as plaintiff corporation's principal place of business, was erroneous. New York's Workers' Compensation Law § 29 (1-a) provides that any insurance carrier liable for the payment of workers' compensation benefits "shall not have a lien on the proceeds of any recovery received pursuant to [Insurance Law § 5104 (a)] whether by judgment, settlement or otherwise for compensation and/or medical benefits paid which were in lieu of first party benefits". Although older case law suggests that the law and the forum where workers' compensation benefits are paid will govern those benefits (see, e.g., *Matter of O'Connor*, 21 AD2d 333), this is a case of mistaken payments, and not payments made under the law of a particular forum. Furthermore an out-of-State insurer is essentially seeking rights with regard to a New York judgment that would be unavailable to a New York carrier. Moreover, Insurance Law § 5105 limits the remedy of any provider of such compensation benefits seeking to recover benefits paid as first-party benefits to mandatory arbitration (*Dietrick v Kemper Ins. Co.*, 76 NY2d 248). Hence, the relief plaintiff seeks is barred under New York law. Concur—Nardelli, J. P., Tom, Mazzarelli, Lerner and Buckley, JJ.