## CIRCUIT COURT OF FAIRFAX COUNTY

Rosali Mayen Escobar

 v.

Zurich American
Insurance Co. et al.

February 2, 2011

Case No. CL-2010-8066

By Judge Bruce D. White

 This matter came before the Court on January 21, 2011, for argument on the motion of Plaintiff, Rosali Mayen Escobar, to reduce the statutory workers' compensation lien held by Defendant, Zurich American Insurance Co. ("Zurich"). Escobar argues that the Court has the authority to reduce the worker's compensation lien in order to afford the Plaintiff a pain and suffering recovery in his third party negligence action against the tortfeasor who caused the injury. Zurich contends the Court has no such authority. At the conclusion of the hearing, the matter was taken under advisement. For the following reasons, Escobar's motion is denied.

### Background

 The facts of this case are largely uncontested. In 2007, Plaintiff Escobar was injured in a motor vehicle accident in the course and scope of his employment. The injuries required medical treatment, and after the accident and treatment, Escobar pursued his worker's compensation claim against Zurich, his worker's compensation insurance carrier. The claim was pursued prior to the filing of the case against the tortfeasor. Zurich settled the workers' compensation claim for a lump sum of $42,500 and also paid $7,979.04 in medical benefits. Zurich's entire lien is for $50,479.04. The settlement order entered by the Virginia Workers' Compensation

Commission expressly states that Zurich is entitled to subrogation and the lien.

In 2009, Plaintiff filed a third-party liability suit against Singleton Electric Company, the party that caused the injury, and it settled for $50,000. The suit was filed seven days before the statute of limitations ran, and, according to Escobar's counsel, it was unlikely to succeed on the merits.

The settlement with Singleton is subject to Zurich's worker's compensation subrogation lien under Virginia Code § 65.2-309. According to Escobar, eight other medical providers cared for Plaintiff and assert or are entitled to statutory liens of $500 each.

Plaintiff's attorney asserts that he is entitled to a one-third contingency fee, $16,666.66, and costs of $854, pursuant to his retainer agreement with Escobar and further states that attorney's fees and costs are entitled to a priority lien pursuant to Va. Code § 54.1-3932 and § 8.01-66.6. Escobar, therefore, requests a $9,000 reduction in the lien to allow the Plaintiff additional funds beyond those received through workers' compensation. Since the third-party recovery in this case is only enough to satisfy part of the workers' compensation lien and attorney's fees, no pain and suffering recovery is had by Escobar unless the workers' compensation or attorney's liens are reduced.

## Arguments

Escobar argues that reducing Zurich's lien to allow Escobar to pay other medical expenses and still receive some pain and suffering recovery is just and reasonable. Escobar asserts that there would have been no third-party recovery without his efforts, which should be compensated. Plaintiff also argues that he has not recovered anything for his pain and suffering and this results in a windfall for Zurich.

Zurich responds that a $9,000 reduction results in Zurich being paid $23,500 which is less than half of the total amount of the lien, $50,479.04. More importantly, Zurich argues that this subrogation lien is purely statutory and not subject to equitable principles that might allow reduction by the court.

## Analysis

Virginia Code § 65.2-309(A) provides that a claim against an employer under the Virginia Workers' Compensation Act, Va. Code §§ 65.2-100 through 65.2-1310, creates a lien in favor of the employer against any settlement the injured employee may enter into with the party that caused the injury. According to the definition of employer, "[i]f the employer is insured, it includes his insurer so far as applicable." Va. Code § 65.2-101. Once an employee has recovered workers' compensation through his

employer, the employer, or the insurer, has a lien against future recoveries the employee may obtain against the party causing the harm. *See* Va. Code § 65.2-309(A); *see also United States Fid. & Guar. Co. v. Blue Diamond Coal Co.*, 161 Va. 373, 378-79, 170 S.E. 728, 730 (1933) (explaining the basic operation of the workers' compensation statutes). The Virginia Code refers to the employer's right as a "right of subrogation." Va. Code § 65.2-309(C). However, Virginia Supreme Court cases make it clear that, while the employer or his insurance carrier are authorized to enforce the rights of the employee, this right is based on statute and not on the equitable principle of subrogation. *Blue Diamond Coal*, 161 Va. at 378, 170 S.E. at 730.

"The purpose of the statute is to reimburse an employer who is compelled to pay compensation as a result of the negligence of a third party and to prevent an employee from obtaining a double recovery of funds." *Tomlin v. Vance Int'l*, 22 Va. App. 448, 452, 470 S.E.2d 599, 601 (1996) (citation omitted); *see also Noblin v. Randolph Corp.*, 180 Va. 345, 358-59, 23 S.E.2d 209, 214 (1942). However, the employer's lien under the Virginia Workers' Compensation Act does not rest on the equitable principle of subrogation, but "[i]t is wholly the creature of statute." *Blue Diamond Coal*, 161 Va. at 378, 170 S.E. at 730; *see also Virginia Mun. Group Self-Ins. Ass'n v. Crawford*, 66 Va. Cir. 236, 243-44 (Fairfax County 2004) (Klein, J.) (noting that workers' compensation liens are statutory).

It is also relevant to note that, pursuant to Va. Code § 65.2-311, when an employee settles a subsequent suit, the court is ordered to apportion the reasonable expenses and attorney's fees between the employer and employee. Thus, the employer and the employee share the costs and fees associated with the third-party recovery. This shows that the General Assembly has granted courts some discretion in apportioning expenses and fees. This specific grant of power sets the authority of the court as to lien matters. The General Assembly could have granted courts the power to reduce workers' compensation liens if it so desired. However, the Code does not expressly grant courts the power to reduce liens established by § 65.2-309.

In contrast to the Workers' Compensation Act, the General Assembly has granted courts the power to reduce liens in other contexts. For example, the General Assembly gave courts the power to compromise and reduce liens for medical expenses paid by the Commonwealth. *See e.g., Commonwealth v. Smith*, 239 Va. 108, 112, 387 S.E.2d 767, 769 (1990) (explaining that courts have been given the power to compromise and reduce the Commonwealth's liens for medical expenses in situations where medical services were paid for by the Commonwealth). This indicates that the General Assembly intended to give courts discretion to reduce certain types of liens and not others.

In the instant case, Zurich had a valid lien, and Escobar does not contest this. Thereafter, Escobar entered into a settlement with a third party. The settlement does not exceed the lien, and Escobar is not entitled to receive any additional recovery by virtue of a court ordered reduction of the workers' compensation lien.

The motion to reduce the lien is denied because the Court does not have the statutory or equitable authority to grant the relief sought.